Roy Lee SOLOMON, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–91–042–CR.

Court of Appeals of Texas,
Texarkana.

March 31, 1992.

Rehearing Denied May 12, 1992.

Matt Keil, Texarkana, Ark., for appellant.

John F. Miller, Jr., Bowie Dist. Atty., Bi-State Justice Building, Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Roy Lee Solomon was convicted of retaliation. TEX.PENAL CODE ANN. § 36.06 (Vernon 1989 & Supp.1992). Punishment, enhanced by prior felony convictions, was set by the jury at ninety-nine years' confinement.

The indictment charged Solomon with unlawfully and knowingly threatening to kill Jennifer Qualls in retaliation for her service as a prospective witness. The evidence showed that Jennifer Qualls, a prostitute, took a wallet and money from a male customer. She took the money and wallet and gave them to Solomon, with whom she was associated in prostitution. He in turn hid them in a clothes basket in a closet. As a result of the incident, Qualls was arrested by the Texarkana police, and

a charge of felony theft was lodged against Solomon.

Qualls testified that Solomon tried on several occasions to dissuade her from testifying against him and expressly threatened to kill her if she became a witness.

Solomon raises two points of error. In the first, he asserts that the evidence is insufficient because it fails to show that Qualls was a prospective witness. Solomon's argument is based on the fact that no trial had been set on the charge against him, and Qualls had not been notified by the authorities that she would be a witness. He contends that, in these circumstances, there was no proof that Qualls was a prospective witness. We disagree.

"Prospective" is not defined in the statute. In ordinary usage, however, it means "anticipated" or "expected to be." WEBSTER'S DICTIONARY 945 (9th ed. 1985). One who witnesses an offense but who has not yet testified in a trial involving that offense is a prospective witness. *Benson v. State*, 661 S.W.2d 708 (Tex.Crim.App. 1982). Moreover, whether one is a prospective witness must be judged from the standpoint of the one who retaliates. If Solomon anticipated that Qualls would be a witness against him and threatened to harm her if she did testify, the offense is complete even though Qualls was not formally called as a witness, or even if there was not at that time a charge pending against Solomon. The evidence here shows that Solomon anticipated that Qualls would be a witness against him and threatened to kill her if she testified. It is thus sufficient to sustain the conviction.

In his other point of error, Solomon contends that the State peremptorily challenged veniremen Norton, Willis, Matlock, and Griffin for racial reasons in violation of the rule of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and *Chambers v. State*, 784 S.W.2d 29 (Tex.Crim.App.1989).

The prosecutor testified to racially neutral reasons for striking the panel members. He said he struck Norton because he was acquainted with a family, several members of which had been convicted of drug dealing or possession of drugs. Norton also exhibited attitudes which appeared to be out of sympathy with the State's case. The prosecutor struck Willis because he was poorly groomed, was uncooperative with the court's instructions, and was inattentive during the State's presentation on voir dire. Matlock was excused because she said her daughter was mixed up in narcotics and she had a poor opinion of persons involved with narcotics. The evidence showed that the State's main witness and Solomon were both involved in illicit narcotics. Furthermore, she said she could not give credibility to the State's witnesses. The prosecutor struck Griffin because he stated that he would have trouble believing the State's main witness because she was a prostitute.

The trial court found that the prosecutor's reasons for peremptorily challenging these panel members were not racial. Under the record, that finding is not clearly erroneous. *Williams v. State*, 804 S.W.2d 95 (Tex.Crim.App.1991). No error is shown.

The judgment is affirmed.