**Harold Charles DAVIS, II, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–93–343–CR.**

Court of Appeals of Texas,
Eastland.

Nov. 23, 1994.

Rehearing Overruled Jan. 26, 1995.

---

Gary Smart, Arlington, for appellant.

John Terrill, Dist. Atty., Stephenville, for appellee.

McCLOUD, Chief Justice.

The jury found Harold Charles Davis, II, guilty of retaliation. Appellant pleaded true to both enhancement paragraphs, and the jury assessed punishment at confinement for 99 years. We affirm.

■ In his first two points of error, appellant challenges the sufficiency of the evidence to support his conviction. In deciding a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex. Cr.App.1991).

The record reflects that appellant's wife gave birth to a child that tested positive to cocaine. Raquel Dion McFadden, a social worker for Child Protective Services (hereinafter "CPS"), was referred to the case in October of 1992. The child was initially placed in the home of the maternal grandparents. CPS took custody of the child in March of 1993 because appellant and his wife had threatened to take the child.

On July 2, 1993, McFadden met with appellant and appellant's wife to discuss the possibility of terminating parental rights because appellant's wife had tested positive to cocaine. In previous meetings with McFadden, appellant would become angry and would yell and scream. However, on this occasion, appellant became very angry and began to shake and sweat. Appellant then became calm and made the following statements to McFadden:

I had a hundred and eighty dollar a day heroin habit ... do you know what it's like to go through withdrawal ... it's when you break out in hot and cold shakes, just like I'm doing right now ... I've got a criminal mind, my mind is messed up on drugs and I just might do anything, I'm tired of all of you people, quote, "messing with me" ... I've been doing some thinking, and I'm sitting there and I'm just listening ... I'm—I'm thinking like George Lott did, I'm thinking about George Lott ... you know when he killed all of those people that kept messing with him and bothering him, he was just making a statement and that's what I'm thinking about.

■ In his first point, appellant argues that the evidence is insufficient to show that he knowingly or intentionally threatened to kill the complainant as alleged in the indictment. We disagree.

TEX.PENAL CODE ANN. § 36.06 (Vernon 1994) provides in relevant part that a person commits the offense of retaliation if he "intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service of another as a ... prospective witness [or] informant." "Threat" is not defined in the statute. The term is defined in BLACK'S LAW DICTIONARY 1480 (rev. 6th ed. 1990) as a "declaration of one's purpose or intention to work injury to the person ... or rights of another, with a view of restraining such person's freedom."

Appellant argues that his only statement was that "he thought about making a statement." We disagree.

Appellant stated that he had a "criminal mind" and that he was "tired of all of you people ... 'messing with me.'" He also explained to McFadden who George Lott was and said that he was "thinking like George Lott did." Appellant stated that Lott was making a statement when he "killed all of those people."[1]

■ Article 36.06 does not require that the threat be direct. In reviewing appellant's statements and actions in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that appellant indirectly threatened to kill McFadden. Appellant's first point is overruled.

---

1. On July 1, 1992, George Lott shot and killed two people and wounded three others in the courtroom of the Fort Worth Court of Appeals.

In his second point of error, appellant argues that the evidence is insufficient to show that McFadden was a prospective witness. Appellant argues that, if he made a threat, it was because he was tired of CPS and McFadden "hassling" him and not because he anticipated that McFadden would be a witness.

Whether someone is a prospective witness is to be judged from the standpoint of the person who retaliates. *Solomon v. State*, 830 S.W.2d 636 (Tex.App.—Texarkana 1992, pet'n ref'd). In *Solomon*, the evidence showed that the complaining witness, a prostitute, took a wallet and money from a male customer and gave them to the defendant with whom she was associated. The defendant hid the items in a clothes basket in a closet. The complaining witness was arrested, and the defendant was charged with felony theft. The complaining witness testified that the defendant tried to dissuade her from testifying against him. On appeal, the defendant argued that the evidence was insufficient to show that the complaining witness was a prospective witness because no trial had been set on the charges against him and because he had not been notified that the complaining witness would be a witness. The *Solomon* court held that the evidence was sufficient to show that the defendant anticipated that the complaining witness would be a witness against him.

In this case, the evidence showed that McFadden was the social worker assigned to the case involving appellant's child. McFadden worked with appellant and his wife for about ten months. Appellant knew that the purpose of the meeting on the date of the offense was to discuss the possibility of terminating his parental rights. Appellant was aware that McFadden would be the person instigating the proceedings. We hold that the evidence was sufficient to show that appellant anticipated that McFadden would be a witness against him. Appellant's second point of error is overruled.

In his third point of error, appellant complains that the trial court erred in denying a requested jury charge on the lesser included offense of terroristic threat. A defendant is entitled to a charge on a lesser

included offense if the lesser offense is included within the proof necessary to establish the offense charged and if there is evidence in the record that, if the defendant is guilty, he is guilty of only the lesser offense. *Miniel v. State*, 831 S.W.2d 310, 317 (Tex.Cr. App.1992), *cert. den'd*, —— U.S. ——, 113 S.Ct. 245, 121 L.Ed.2d 178 (1992); *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Cr.App.1981).

TEX.PENAL CODE ANN. § 22.07(a)(2) (Vernon 1994) defines the offense of terroristic threat as follows:

> A person commits an offense if he threatens to commit any offense involving violence to any person ... with intent to: place any person in fear of *imminent* serious bodily injury. (Emphasis added)

As charged in this indictment, retaliation required proof of a threat to kill in retaliation for and on account of the service of the complainant as an informant and prospective witness. Terroristic threat requires proof that the person making the threat intended to place the victim in fear of *imminent* bodily injury. This court in *Hill v. State*, 844 S.W.2d 937, 938 (Tex.App.—Eastland 1992, no pet'n), held that "imminent" means "near at hand" or on "the verge of happening." Article 36.06 does not require that the threat to harm in retaliation be imminent. Therefore, the elements of the offense of terroristic threat are not included within the proof necessary to establish the offense of retaliation. Terroristic threat is not a lesser included offense of retaliation. The trial court did not err in denying appellant's request. Appellant's third point is overruled.

Appellant complains in his fourth point of error that the trial court erred in admitting evidence of extraneous offenses. At trial, evidence was introduced that appellant had used drugs and that he had threatened McFadden on prior occasions. Appellant's objections to the evidence under TEX. R.CRIM.EVID. 403 and 404(b) were overruled.

Rule 404(b) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." However, Rule 404(b) also provides that ex-

traneous offenses may be admitted for other purposes such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The court in *Lockhart v. State*, 847 S.W.2d 568, 571 (Tex.Cr.App.1992), stated:

> Evidence of extraneous offenses that are indivisibly connected to the charged offense and necessary to the State's case in proving the charged offense may be admissible as relevant evidence to explain the context of the offense for which the defendant is on trial.

Prior to the admission of this evidence, the trial court held a hearing to determine the admissibility of the evidence. The trial court ruled that the evidence was admissible stating:

> [THE COURT]: [T]he thing that makes me inclined to allow this in is that—your statement to the jury that they were going to see the power of the government, that the threats were not made as a witness or informant, if anything were made because of her harassment of [appellant], and it seems to me that all the matters relating to the—to the transactions between the [appellant] and Ms. McFadden would be contextual as to this offense, and I'm going to allow it on that basis ... I'm also allowing it based on—partially on the ruling in *Sewell v. State*.[2]

The evidence at trial revealed that appellant stated that he had a "hundred and eighty dollar a day heroin habit." McFadden also testified that appellant and appellant's wife needed the services of CPS because there was an indication that they were using drugs. This evidence explained the circumstances surrounding McFadden's involvement with appellant and appellant's wife and explained the reason that she would be seeking to terminate parental rights. This evidence was relevant, and the prejudicial effect was not substantially outweighed by its probative value.

Appellant also complains of testimony that appellant threatened McFadden on prior occasions. McFadden testified on direct examination that appellant had threatened her

several times in the past. The details regarding the threats were not revealed. Evidence of the extraneous threats was admissible to show appellant's intent. *Sewell v. State*, supra· at 46; *Cochran v. State*, 783 S.W.2d 807, 810 (Tex.App.—Houston [1st Dist.] 1990, no pet'n). The prejudicial effect of the evidence was not substantially outweighed by its probative value. Appellant's fourth point of error is overruled.

■ Appellant argues in his final point of error that the trial court erred in denying his request to give instructions to the jury limiting the extraneous acts to the purpose for which they were admitted. The record reflects that appellant failed to obtain a ruling on his request. We hold that appellant has not properly preserved his complaint for review. See TEX.R.APP.P. 52(a). Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.

DICKENSON, J., not participating.

BROWN, J., sitting by assignment.

---

**2.** *Sewell v. State,* 629 S.W.2d 42 (Tex.Cr.App. 1982).