# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00236-CR

**Robert Hastings, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 00-4395, HONORABLE TOM BLACKWELL, JUDGE PRESIDING

A jury found appellant Robert Hastings guilty of the offense of retaliation against a public servant. *See* Tex. Pen. Code Ann. § 36.06(a)(1)(A) (West Supp. 2002). The court assessed punishment at ten years in prison, suspended imposition of the sentence, and placed appellant on probation for ten years. Appellant contends (1) collateral estoppel barred the State's prosecution of this case due to his acquittal in a previous case and (2) the evidence was legally and factually insufficient to support the conviction. We will affirm the conviction.

### Background

The State indicted appellant for the offense of retaliation against Visiting District Judge Fred Moore and charged that on June 30, 2000, appellant

> did then and there intentionally and knowingly threaten to harm another, to-wit: Fred Moore, by an unlawful act, to-wit: committing homicide and assault and causing bodily injury, in retaliation for and on account of the service of the said Fred Moore

as a public servant, and the [appellant] communicated said threat to Kathy Holubec and E. Adams.

The State also indicted appellant for three other retaliation offenses based on the same statements appellant made to Holubec and Adams on June 30. The State charged that appellant also committed retaliation against public servants, District Judge Suzanne Covington and Associate Judge Deborah Richardson, and retaliation against an informant, Patricia Hastings, appellant's former wife. Appellant waived his right to a trial by jury and requested that all four causes be tried together before the court. The State agreed, however, to try only three of the causes together. In that proceeding, the trial judge found appellant not guilty of retaliation against Judge Covington, Associate Judge Richardson, and Patricia Hastings and signed a judgment acquitting appellant of those charges. Remaining was the indictment charging appellant with the offense of retaliation against Judge Fred Moore.

Before trial commenced, appellant filed a special plea and contended that due to the court's order of acquittal regarding the three other retaliation charges, the doctrine of collateral estoppel barred the State from prosecuting the remaining retaliation charge against him. The same judge that presided at the bench trial and acquitted appellant of the three offenses presided at the hearing on appellant's special plea.[1] At the hearing, the judge took judicial notice of the indictments and the transcript of the testimony from the previous trial, heard arguments from counsel, and denied the plea. The court then proceeded with a jury trial.[2]

---

[1] Judge Jon Wisser presided at both appellant's pretrial hearing and the previous trial on the three retaliation offenses in which he acquitted appellant of those offenses.

[2] Judge Tom Blackwell presided at the jury trial.

2

At trial, Judge Fred Moore testified that he became familiar with appellant while presiding over an unrelated retaliation case in which appellant was the defendant. In that previous proceeding, a jury convicted appellant of the offense of retaliation against a prospective witness, an Alcohol Tobacco and Firearms agent. The jury in that case assessed appellant's punishment at ten years in prison and recommended that his sentence be probated. In accordance with the jury's verdict, Judge Moore probated appellant's sentence and, as was within his discretion, imposed the maximum term of 180 days in jail as a condition of appellant's probation. Judge Moore also set appellant's appeal bond at $150,000, which he testified was for him a high amount. Judge Moore explained that during the trial, he had to admonish appellant frequently as appellant often talked over witnesses, became frustrated with the proceedings, and reacted angrily to some of the testimony.

Richard Bohan testified that he had observed portions of appellant's retaliation trial at which Judge Moore presided. Bohan described appellant's voice as angry and described appellant as aggressive and combative toward Judge Moore. Bohan also noticed that the court increased security during the trial because appellant made several furtive movements toward court personnel.

Kathy Holubec, a nurse at the Travis County Jail, testified about her encounter with appellant in the day room of the psychiatric lock-down unit of the jail on June 30, 2000. She and Corrections Officer Emelinda Adams met with appellant to discuss his request for medical records. Holubec and appellant were having a calm conversation about the medical records when for no apparent reason appellant's voice escalated, his demeanor changed, he started pacing, and he became very angry. According to Holubec, appellant stated, *"[I]t's the bitch's fault, my wife, that I'm getting screwed by the legal system and I might as well blow a few government officials or judges*

3

*away."* Holubec specifically recalled that appellant referred to "judges." Holubec characterized appellant's comments as "ranting and raving" when he accused his former wife and threatened "judges." She stated that appellant did not mention any specific names, nor did appellant direct Holubec to tell Judge Moore that he was going to harm him.

Adams also testified at trial and recalled appellant calmly discussing his medical records with Holubec when appellant suddenly became very upset and started shouting. She recalled that appellant said "something about he ought to kill the government, they ruined his life, kill the bitch, they ruined his life, [and] they're holding him [in prison] for no reason." Adams testified that after appellant made the statements, he calmed down and thanked Holubec for her help with his medical records. Adams never heard appellant mention any names during the conversation.

Caesar Flores, a former inmate at the Travis County Jail, testified that he and appellant were in the same tank together at the jail and that on several occasions they discussed their cases. According to Flores, appellant was angry only with the judge who was keeping him in jail. Although appellant never mentioned the judge's name, Flores testified that appellant talked about getting even with that judge, and Flores thought appellant wanted revenge. Flores thought appellant was serious and believed that appellant would follow through on his threats. Flores testified that while appellant never stated directly that he was going to kill the judge that put him in jail, Flores stated, "He sure made it sound like that."

The jury found appellant guilty of retaliation against Judge Moore, and the court assessed punishment. Appellant contends on appeal that collateral estoppel barred prosecution of the case and that the evidence is legally and factually insufficient to support his conviction.

4

**Discussion**

*Collateral Estoppel*

Appellant asserts that the doctrine of collateral estoppel as embodied within the Fifth Amendment to the federal constitution applies in this case and that it should have barred the prosecution of this case. Collateral estoppel is an integral part of the protection against double jeopardy guaranteed by the Fifth and Fourteenth Amendments to the federal constitution. *Ashe v. Swenson*, 397 U.S. 436 (1970). The traditional bar against double jeopardy prohibits a second prosecution for the crime itself, while collateral estoppel prevents the State from relitigating certain facts in order to establish the fact of the crime. *Dedrick v. State*, 623 S.W.2d 332, 336 (Tex. Crim. App. 1981). The doctrine of collateral estoppel provides that when an issue of ultimate fact has been determined by a valid, final judgment, that issue of ultimate fact cannot be litigated again between the same parties in a future lawsuit. *Ashe*, 397 U.S. at 443.

When a previous judgment of acquittal is based on a general verdict, a reviewing court must consider the previous proceeding, taking into account the pleadings, evidence, charge, and other relevant matters and determine whether a rational jury *could have* grounded its verdict upon an issue *other than* that which the defendant seeks to foreclose from consideration in the second trial. *Id.* at 444; *State v. Sauceda*, 980 S.W.2d 642, 645 (Tex. Crim. App. 1988). In other words, if it is at all possible that the previous acquittal *could have* been based upon another issue, the second prosecution *is not* barred. *Sauceda*, 980 S.W.2d at 645 (citing *Ladner v. State*, 780 S.W.2d 247, 254 (Tex. Crim. App. 1989)) (when fact not necessarily determined in former trial, possibility it may have been does not prevent reexamination of issue in subsequent trial). Finally, the defendant has the burden of

5

establishing the preceding requirements in order to invoke the doctrine of collateral estoppel. *State v. Aguilar*, 947 S.W.2d 257, 260 (Tex. Crim. App. 1997) (citing *Ladner*, 780 S.W.2d at 258).

Appellant contends that the *only* explanation for the judge's verdict of acquittal in the previous trial was that the judge determined appellant's incriminating statements were too general and vague, and that the statements did not identify or directly threaten any specific person as a target so that the statements could not be the subject of a prosecution for the offense of retaliation against Judge Moore. Further, appellant contends that as a result of the judge's previous decision in favor of appellant on the ultimate fact issue, that is that appellant's statements could not be a basis for the offense of retaliation, relitigation of the issue in this case was barred by collateral estoppel. We disagree with appellant's proposition.

Appellant does not direct us to any particular portion of the previous trial nor did we find in our review of the reporter's record of that trial where the judge expressed specific grounds for his general not-guilty verdict. More importantly, there is no indication in the record from the previous trial that the judge's verdict was *necessarily* based on a finding that appellant's statements were general and vague and therefore could not provide a basis for any retaliation offense. In fact, the judge could have determined appellant made retaliatory threats but that the State failed to prove other elements of the offenses charged in the earlier indictment. The judge as the trier of fact may merely have determined that the State failed to prove that appellant's threats were directed at his former wife, Judge Covington or Judge Richardson. While the judge's verdict theoretically *might* have been based on a finding that appellant's remarks were vague and general, there was no indication that the judge *necessarily* based the not-guilty verdict on such a finding. Appellant failed to establish

that an ultimate issue of fact, necessary for the State's proof in this cause, was found in his favor in the previous trial. Because the general verdict in the previous trial *could* have been based on other factual determinations and issues, appellant has not shown that the present suit is barred by collateral estoppel.[3] We overrule appellant's first issue.

### *Sufficiency of the Evidence*

Appellant contends in his second and third issues that the evidence is legally and factually insufficient to support his conviction. Appellant argues that he never threatened to harm any specific individual and that when making his general vague statements he was only ranting and raving as jail inmates often do, especially those in the jail's psychiatric lock-down unit.

In reviewing a legal sufficiency challenge, the reviewing court views the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). Circumstantial evidence may be enough to support the jury's verdict. *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999). It is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all of the incriminating circumstances. *Banda v. State*, 890 S.W.2d 42, 50 (Tex. Crim. App. 1994). In assessing the sufficiency of the evidence to support a conviction, the reviewing court considers all of

---

[3] Because Judge Wisser presided over the previous trial as well as denied appellant relief on his special plea in this cause, it could be implied that Judge Wisser in fact did not base his not-guilty verdict on a finding that appellant's statements were vague.

7

the evidence that the jury was permitted, whether rightly or wrongly, to consider. *Thomas v. State*, 753 S.W.2d 688, 695 (Tex. Crim. App. 1988). The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. *Jones*, 944 S.W.2d at 647.

A person commits the offense of retaliation if the person intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service of another as a public servant. Tex. Pen. Code Ann. § 36.06 (a)(1)(A). To support a conviction for the offense of retaliation, the evidence must establish the retributory element, that the unlawful act was committed in retaliation for or on account of another person's service as a public servant. *See id.*; *Helleson v. State*, 5 S.W.3d 393, 395 (Tex. App.—Fort Worth 1999, pet. denied). The statute does not require that the threat be direct, that the threatened retaliatory harm be imminent or that the actor actually intend to carry out his threat. *In re B.M.*, 1 S.W.3d 204, 207 (Tex. App.—Tyler 1999, no pet.); *Davis v. State*, 890 S.W.2d 489, 491 (Tex. App.—Eastland 1994, no pet.).

The State agrees that appellant did not state directly that he would harm Judge Moore. The State's position is, however, that based on the combined and cumulative force of all of the incriminating circumstances, the evidence showed that appellant, in making the statement, was indeed threatening to harm Judge Moore.

Appellant was sent to the Travis County Jail after Judge Moore, as a condition of appellant's probation, imposed the maximum term of confinement and set appellant's bond at a high amount. During appellant's trial at which Judge Moore presided, appellant was combative, acted aggressively, and was repeatedly admonished by the judge. Judge Moore also increased security during appellant's trial. Once in jail, appellant discussed with his cellmate Flores his intent and motive

to harm Judge Moore. Appellant expressed to Flores that he was very angry with the judge who was keeping him in jail and he wanted to get even with the judge. Although appellant had appeared before several judges, appellant did not refer to any other judges and told Flores he was only angry with the judge who ordered that he serve a jail sentence. Flores believed that appellant actually intended to harm the judge.

The jury could infer from this testimony that when appellant threatened to "blow away a judge" he was threatening to kill Judge Moore. The only reason appellant was incarcerated was because Judge Moore, as a condition of appellant's probation, ordered that he serve a jail sentence and then set his bond at a high level. Appellant was angry with Judge Moore for carrying out his discretionary duties as a trial judge and sentencing appellant to a term of confinement. Viewing appellant's statements in the light most favorable to the verdict, a rational jury could conclude that appellant threatened Judge Moore with death or bodily injury in retaliation for Judge Moore's service as a public servant. The fact that appellant did not mention Judge Moore by name or the fact that appellant may not have intended to actually carry out his threat does not render the evidence legally insufficient. *Davis*, 890 S.W.2d at 491; *In re B.M.*, 1 S.W.3d at 204; *Doyle*, 661 S.W.2d at 729. Appellant's second issue is overruled.

Finally, appellant contends that the evidence is factually insufficient to support his conviction because the verdict was contrary to the evidence.

We review all of the evidence for factual sufficiency in a neutral light. *Johnson v. State*, 23 S.W.3d 1, 10 (Tex. Crim. App. 2000). We will set aside the jury's verdict only if the

9

evidence supporting it is, standing alone, so weak as to render the verdict clearly wrong and manifestly unjust. *Id.*

Holubec and Adams testified that without knowing appellant's background, they thought appellant was ranting and raving when he made the threatening statements. They then stated that had they known appellant's background and why he was in jail they might have had a different opinion about his statements. Further, appellant expressed to Flores his anger with the judge that put him in jail and that he wanted to get even with the judge. While appellant never told Flores the judge's name, Flores believed that appellant intended to harm the judge who put him in jail, which the jury learned at trial was Judge Moore. Although appellant did not state a particular name when he made the threatening statements, after reviewing all of the evidence, we cannot say that the jury's verdict was clearly wrong or manifestly unjust. Appellant's third issue is overruled. The judgment is affirmed.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: April 11, 2002

Do Not Publish