In The



Court of Appeals



Ninth District of Texas at Beaumont


 

____________________



NO. 09-02-505 CR


____________________



MICHAEL ANDREW WORTHAM, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Court No. 23093






MEMORANDUM OPINION



 A jury convicted Michael Andrew Wortham of the offense of retaliation and
assessed punishment, with an enhancement, of eight years confinement in the Institutional
Division of the Texas Department of Criminal Justice. See Tex. Pen. Code Ann. §§
12.42(a)(3), 36.06 (Vernon 2003). 

 Wortham first argues the indictment does not allege a threat sufficient to sustain a
conviction. The indictment alleges Michael Wortham intentionally or knowingly
threatened to harm Lawanda Wortham in retaliation for her reporting a crime (criminal
trespass): appellant stated that he would return to her residence, that the police could not
provide her with twenty-four hour security, and that she needed twenty-four hour security. 
Any allegation of a defect in the indictment was waived, because there was no objection
before the date on which the trial on the merits commenced. Tex. Code Crim. Proc.
Ann. art. 1.14 (Vernon Supp. 2003).

 Wortham next argues the evidence is legally and factually insufficient to support a
conviction for retaliation. He says there is no evidence that he made any direct threat
against Lawanda Wortham, that he had any weapons, that he made any threatening
gestures, or that he threatened to harm her by an unlawful act. 

 In reviewing the legal sufficiency of the evidence, we look at the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. See Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); see also Reyes v.
State, 84 S.W.3d 633, 636 (Tex. Crim. App. 2002). In a factual sufficiency review, we
view the evidence in a neutral light and set aside the verdict only if the evidence supporting
guilt is so obviously weak, or the contrary evidence so overwhelmingly outweighs the
supporting evidence, as to render the conviction clearly wrong and unjust. Ortiz v. State,
93 S.W.3d 79, 87 (Tex. Crim. App. 2002). 

 Two officers testified concerning the offense, and a videotape of the offense was
admitted into evidence. Appellant seems to argue there is some discrepancy between the
videotape and the officers' testimony. However, the testimony set forth in the record is
not contradicted by the events shown on the videotape. In June 2002, Lawanda Wortham
came to the Lufkin Police Department and complained that her brother Michael was
trespassing on her property. A previous trespass warning regarding the sister's residence
had been issued against Wortham six months to a year earlier. Another trespass warning
against Wortham was currently on file; Wortham indicated to the officers he knew about
the current warning, and he had a copy in his pocket when the officers booked him. In
response to her trespass complaint, an officer went to Lawanda Wortham's home, found
Michael Wortham there, and informed him four or five times his sister wanted him to
leave. Michael Wortham was "very argumentative." The officer observed Wortham
gather a few belongings and then argue with his sister for fifteen or twenty minutes. 
Lawanda Wortham explained she did not want her brother in her home anymore and
repeatedly stated she wanted him to leave the premises. She feared for her safety and her
property if Wortham remained there after the officers left. The officers arrested him for
criminal trespass, the crime reported by Lawanda Wortham. One officer testified that
while being taken to the police car, Wortham stated to his sister, "I have to come back." 
"The police can't be here 24 hours; you're going to need 24-hour security." Another
officer testified Wortham stated his sister could not have police there all the time watching
over and protecting her. 

 The purpose of the retaliation statute is to encourage performance of vital public
duties without fear of retaliation. See Doyle v. State, 661 S.W.2d 726, 729 (Tex. Crim.
App. 1983). The intent to retaliate may be inferred from an accused's acts, words, or
conduct. In re B.P.H., 83 S.W.3d 400, 407 (Tex. App.--Fort Worth 2002, no pet.) (citing
Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982) (intent and terroristic threat). 
An express, direct threat is not required by the statute. See Tex. Pen. Code Ann. §
36.06; Hastings v. State, 82 S.W.3d 493, 495 (Tex. App.--Austin 2002, pet. ref'd) (While
being questioned, appellant became belligerent and told police "you better watch out, you
don't know who you're dealing with. Once I'm free, I'm going to get you."); Davis v.
State, 890 S.W.2d 489, 491-92 (Tex. App.--Eastland 1994, no pet.) ("I'm tired of all you
people, quote, 'messing with me.'" "[Y]ou know when he killed all of those people that
kept messing with him and bothering him, he was just making a statement and that's what
I'm thinking about."); Cochran v. State, 783 S.W.2d 807, 810 (Tex. App.--Houston [1st
Dist.] 1990, no pet.) (Jury could properly conclude that the language in appellant's letter,
"thanking complainant for putting him away in prison and telling complainant that he
love[d] her for it, [was] sarcastic, and that the true intent of the letter [was] to threaten
complainant.").

 The jury is the exclusive judge of the credibility of the witnesses and the weight to
be given the testimony, and may accept or reject all or any part of the testimony. See Tex.
Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986). A jury may draw reasonable inferences from basic facts to
ultimate facts. See Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). Given
the context in which Wortham made the statements, the jury reasonably could have
concluded his remarks were a threat to harm Lawanda Wortham, by unlawful action, for
reporting a crime. We overrule issues one and two.

 The conviction is affirmed.

 AFFIRMED. 

 PER CURIAM

 

Submitted on March 26, 2003

Opinion Delivered April 9, 2003

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.