In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00051-CR


______________________________




MANGOE EDDIE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 28783-B




 




Before Morriss, C.J., Ross and Grant,* JJ.


Opinion by Justice Ross


Dissenting Opinion by Justice Grant


*Ben Z. Grant, J., Retired, Sitting by Assignment


O P I N I O N



 Mangoe Eddie appeals from his conviction for retaliation. Eddie had earlier been
found guilty of a different offense of retaliation and placed on ten years' community
supervision. A hearing on the State's motion to revoke was conducted concurrently with
a trial on this charge of retaliation. Eddie pled true to the allegations he had violated his
terms of supervision, and he was found guilty of this retaliation charge. The court then
sentenced Eddie to ten years' imprisonment on both the current charge and on the
revocation, and ordered that the sentences run consecutively. 

 Eddie contends that the evidence is legally insufficient to support the conviction; that
the court erred in failing to find him incompetent to stand trial; that the court improperly
cumulated the two sentences; and that he received ineffective assistance of counsel. 

 Eddie was convicted of two counts of retaliation against his former community
supervision officer, Haskell Newman. The evidence shows that, in the parking lot of the
Gregg County supervision office, Eddie yelled, "I'm going to come get you," and, "I'm going
to fuck your wife." Eddie's comments were directed at Newman. Eddie was approximately
seventy yards away from Newman when these statements were made. Newman did not
initially know the identity of the person yelling at him. Newman recognized Eddie only after
Eddie responded to Newman's inquiry. Newman contacted the police with his cellular
telephone from the parking lot to determine if there was an outstanding warrant on Eddie. 
The police arrived and arrested Eddie on outstanding warrants. 

 Eddie first contends there is legally insufficient evidence to support his conviction
for retaliation. In a legal sufficiency review, we view all the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found
the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319 (1979); Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). We measure
the sufficiency of the evidence by the elements of the offense as defined in a hypothetically
correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). This
standard applies to both jury and bench trials. Id. Such a charge is one that accurately
sets out the law, is authorized by the indictment, does not unnecessarily increase the
state's burden of proof or unnecessarily restrict the state's theories of liability, and
adequately describes the particular offense for which the defendant was tried. (1)
 Id.; Sims
v. State, 84 S.W.3d 768, 774 (Tex. App.-Dallas 2002, pet. ref'd).

 The offense of retaliation is committed when a person "intentionally or knowingly
harms or threatens to harm another by an unlawful act . . . in retaliation for or on account
of the service or status of another as a . . . public servant, witness, prospective witness, or
informant." Tex. Pen. Code Ann. § 36.06(a) (Vernon 2003). In this case, the State alleged
Eddie threatened to harm Newman by committing the unlawful act of assault. The State
similarly alleged Eddie verbally threatened to harm Newman's wife because of her
relationship to Newman by committing the unlawful act of sexual assault. 

 Eddie contends the threat of assault against Newman does not reach the level of
showing the "imminent" bodily injury required by the assault statute. (2) However, the offense
of retaliation does not require that the threat to harm in retaliation for the victim's public
service be imminent. It merely requires that a person threatens to commit an unlawful act. 
The threat, for purposes of the retaliation statute, was the threat to commit the unlawful act
of assault by any means, which would include assault by threat. The elements of assault
by threat are not included within the proof necessary to establish the offense of retaliation. 
Helleson v. State, 5 S.W.3d 393, 396 (Tex. App.-Fort Worth 1999, pet. ref'd); see also
Coward v. State, 931 S.W.2d 386, 389 (Tex. App.-Houston [1st Dist.] 1996, no pet.); 
Davis v. State, 890 S.W.2d 489, 492 (Tex. App.-Eastland 1994, no pet.). Compare Tex.
Pen. Code Ann. § 36.06 (Vernon 2003), with Tex. Pen. Code Ann. §§ 22.01(a)(2),
22.07(a)(2) (Vernon 2003).

 As previously described, the testimony was that Eddie yelled across a parking lot
at Newman, "I'm going to come get you." That constitutes some evidence of a threat to
harm another. Likewise, his statement, "I'm going to fuck your wife," along with his crotch-grabbing movement at the time he made this statement, is some evidence of a threat to
harm Newman by threatening injury to his wife. Keithan Ross, who also witnessed the
event, testified he perceived Eddie's conduct as a threat. This is some evidence in support
of the verdict. The evidence is therefore legally sufficient. The contention of error is
overruled.

 Eddie next contends the trial court erred by continuing with the revocation
proceeding without holding a hearing after the evidence raised his legal competence to
stand trial as an issue. We have fully addressed that contention in our previous opinion
in the companion case, Eddie v. State, 100 S.W.3d 437 (Tex. App.-Texarkana 2003, pet.
granted). For the reasons set out in that opinion, we likewise overrule the contention of
error here.

 Eddie contends the trial court improperly cumulated his sentence in the present
case with the judgment and sentence in his community supervision revocation that were
tried simultaneously. Eddie was charged with retaliation in the present case; retaliation
was also the underlying offense at issue for the community supervision revocation, cause
number 23587-B. Eddie's community supervision for a separate offense of retaliation was
revoked, and he was sentenced to ten years' confinement. 

 While the community supervision revocation and the trial of the present case were
tried simultaneously before the court in Gregg County, and both were retaliation offenses,
these two offenses did not rise out of the same criminal episode. If a defendant has been
convicted in two or more trials or in one trial for offenses not arising from the same
transaction, as defined in Section 3.01 of the Texas Penal Code, the court has the
discretion in the subsequent cases to order the punishment in those cases either to run
concurrently with the first sentence or to start after the first sentence has been completed. 
Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2003); see Tex. Pen. Code Ann. 
§ 3.01 (Vernon 2003). 

 In the present case, the offenses were separate in time and there were separate
victims involved. For the mandatory concurrent sentence requirement of Tex. Pen. Code
Ann. § 3.03 (Vernon 2003) to apply to sentences imposed following the revocation of
community supervision, both of the original convictions must be obtained in the same
original proceeding and the revocations of community supervision must be conducted in
a single revocation proceeding. Duran v. State, 844 S.W.2d 745, 748 (Tex. Crim. App.
1992); Faison v. State, 59 S.W.3d 230, 237-38 (Tex. App.-Tyler 2001, pet. ref'd); Medina
v. State, 7 S.W.3d 876, 879 (Tex. App.-Houston [1st Dist.] 1999, no pet.).

 Because the victim in the present case and the victim in the previous retaliation case
(community supervision revocation underlying offense) are not the same person, the trial
court had discretion to order the sentences to either be stacked or to run concurrently. The
court therefore did not abuse its discretion by ordering consecutive sentencing. This point
of error is overruled. 

 Eddie next contends he received ineffective assistance of counsel at the
guilt/innocence and punishment stages of this trial. The standard of testing claims of
ineffective assistance of counsel is set out in Strickland v. Washington, 466 U.S. 668
(1984), and adopted for Texas constitutional claims in Hernandez v. State, 726 S.W.2d 53,
57 (Tex. Crim. App. 1986). To prevail on this claim, an appellant must prove by a
preponderance of the evidence (1) that his or her counsel's representation fell below an
objective standard of reasonableness, and (2) that the deficient performance prejudiced
his or her defense. Strickland, 466 U.S. at 687; Rosales v. State, 4 S.W.3d 228, 231 (Tex.
Crim. App. 1999). To meet this burden, an appellant must prove that his or her attorney's
representation fell below the standard of prevailing professional norms and that there is a
reasonable probability that, but for the attorney's deficiency, the result of the trial would
have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under
this standard, a claimant must prove counsel's representation so undermined the proper
functioning of the adversarial process that the trial cannot be relied on as having produced
a just result. Strickland, 466 U.S. at 686. 

 In this case, Eddie first contends his counsel was ineffective because she was not
adequately prepared for trial, and as a result had no functional trial strategy. He argues
this is shown by the fact she was late for hearings and was held in contempt by the trial
court, and also because she arrived late on the date of the revocation proceeding. 
Appellate counsel argues that trial counsel obviously had no opportunity to discuss with
Eddie either the revocation proceeding or the allegations made against him. That
conclusion is not a natural result of the argument. The record does not show that trial
counsel had failed to adequately review the revocation proceedings or inform her client,
but only that she was late for hearings. (3)

 Eddie also argues trial counsel was ineffective because she had difficulty following
a proper procedure for offering exhibits into evidence. The exhibits were, nevertheless,
admitted. Even if her efforts were inartful, there is no harm, because the exhibits were
admitted into evidence.

 In connection with that argument, Eddie also claims those exhibits should never
have been offered because they were nothing more than extraneous and detrimental
matters. The three exhibits are all letters from Eddie to his trial counsel. In two of the
letters, Eddie graphically described sexual activities in which he wished to engage with
counsel. The third letter is a story in which Eddie portrayed himself as a Venus's-fly-trap
and the complainant as a scorpion, and described a self-destructive relationship between
the characters.

 This argument ignores the fact that counsel was attempting to defend Eddie by
using the exhibits to help establish that Eddie was incompetent or suffered from diminished
capacity and to reinforce the mitigating idea that Eddie's offenses had been committed by
words only, not by any physically aggressive acts. We cannot say that introducing these
exhibits served no purpose, and we will not second-guess counsel where there is a
plausible basis in strategy or tactics for counsel's actions. See Johnson v. State, 614
S.W.2d 148, 152 (Tex. Crim. App. [Panel Op.] 1981); Jensen v. State, 66 S.W.3d 528, 543
(Tex. App.-Houston [14th Dist.] 2002, pet. ref'd). Based on this record, we cannot say
counsel had no defensive theory. Instead, it appears she was attempting to show that
Eddie was not physically dangerous, only verbally obnoxious (and obscene), and therefore
community supervision and psychiatric assistance would be the appropriate remedy for
these two separate cases. 

 Eddie also contends trial counsel was ineffective because she offered testimony by
witnesses at the revocation rather than the punishment stage who testified that Eddie
needed psychiatric assistance, that he had not physically assaulted anyone, and that he
had a peaceful history as a high school student. At that point in the proceeding, however,
the court was still considering whether to continue or revoke community supervision, and
such matters clearly would be relevant to that decision. Counsel was not ineffective for
questioning Eddie's witnesses about these matters. 

 Eddie also contends counsel was ineffective because she did not elicit "contrary"
evidence or "alternative hypotheses" from either her own witnesses or from the State's
witnesses on cross-examination. However, the record does not support the solitary
suggestion that any such contrary evidence or alternative hypotheses exist. In the absence
of support in the record, we cannot find counsel was ineffective in this regard. We overrule
this contention of error.


 We affirm the judgment.



 Donald R. Ross

 Justice





DISSENTING OPINION



 I respectfully dissent for the reasons set forth in Eddie v. State, 100 S.W.3d 437
(Tex. App.-Texarkana 2003, pet. granted). I also believe that the State should be required
to prove beyond a reasonable doubt all of the elements set forth in the indictment.


 Ben Z. Grant*

 Justice


*Justice, Retired, Sitting by Assignment


Date Submitted: September 19, 2002

Date Decided: May 23, 2003


Do Not Publish


1. The Texas Court of Criminal Appeals has since held that a hypothetically correct
jury charge need not incorporate allegations that give rise to immaterial variances. Gollihar
v. State, 46 S.W.3d 243, 256 (Tex. Crim. App. 2001). In determining whether the evidence
was legally sufficient to support the conviction in Gollihar, the court applied Malik and
looked to determine whether Gollihar could properly be convicted, based not on the
instructions actually given to the jury, but instead on the hypothetically correct charge that
could have been given to the jury as authorized by the indictment. Id. at 254; see Malik v.
State, 953 S.W.2d 234 (Tex. Crim. App. 1997). The ruling in Gollihar thus merges notice
concepts into the question of whether a variance between the indictment and the proof is
material, holding finally that only a material variance providing inadequate notice will render
the evidence legally insufficient. Fagan v. State, 89 S.W.3d 245, 248 (Tex.
App.-Texarkana 2002, pet. ref'd).

2. Assault is defined, in relevant part, as intentionally, knowingly, or recklessly
threatening another with imminent bodily injury. Tex. Pen. Code Ann. § 22.01(a) (Vernon
2003). 
3. The Texas Court of Criminal Appeals has recognized that a reviewing court will only
rarely be provided with a record capable of providing a fair evaluation of the merits of a
claim of ineffective assistance of counsel. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex.
Crim. App. 1999); Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). To
defeat the presumption of reasonable professional assistance, "[a]ny allegation of
ineffectiveness must be firmly founded in the record and the record must affirmatively
demonstrate the alleged ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500 (Tex.
Crim. App. 1996). In such a case, where the alleged derelictions primarily are errors of
omission outside the record rather than commission revealed in the trial record, collateral
attack may be the vehicle by which a thorough and detailed examination of alleged
ineffectiveness may be developed and spread upon a record. Jackson, 973 S.W.2d at
957.