COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-02-262-CR
        2-02-263-CR
        2-02-264-CR

  
AWYUNAH ALI WILLIAMS                                                      APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM CRIMINAL DISTRICT COURT 
NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Awyunah Ali Williams appeals his conviction by a jury for the offense of 
burglary of a habitation and two convictions for retaliation. In three issues, 
Appellant challenges the factual sufficiency of the evidence in support of his 
two convictions for retaliation, and he asserts that the trial court erred in 
overruling his objection to a portion of the State’s rebuttal argument at the 
sentencing phase of his trial. We will affirm.
I. Factual and Procedural Background
        On 
August 6, 2001, Appellant engaged in an argument with his girlfriend, Kim 
Latrice Curry, that escalated to a physical confrontation when she threw a 
telephone at him. When Appellant grabbed Curry by the neck, she ran out of their 
house. Appellant went outside and broke Curry’s car window and then went next 
door. According to the next-door neighbor, Yvonne Taylor, Appellant burst 
through her door, “hollering and ranting and raving looking for his 
girlfriend.” When he did not find Curry there, he left the house, yelling for 
Curry, and he kicked in the door to a house across the street. When Appellant 
came out of that house, he approached a postal worker, Lucretia Renfrow, who was 
sitting in a postal truck. Appellant cursed at her, pulled her out of the truck 
by her hair, threw her onto the ground, and began assaulting her with his fists.
        Eloisa 
Garcia and her sister Martha Tijerina observed Appellant attacking Renfrow, and 
they went over to help Renfrow. Appellant then threatened the two women to get 
back, approaching them with his fists balled up, and they went back inside their 
house. Garcia called 911. Taylor testified that, after Garcia and Tijerina went 
inside, Appellant “took off down the street, still in that raged manner 
cussing, talking loud, fist balled up.” Taylor stated that Appellant banged on 
cars in the street until the police arrived.
        Appellant 
was eventually charged in two indictments with the offense of entry of a 
habitation with intent to commit assault on Curry. In another indictment, 
Appellant was charged in three counts with the offense of retaliation. During 
trial, the court granted Appellant’s motion for directed verdict on the 
retaliation charge related to Tijerina, but it denied the request as to the 
retaliation charges pertaining to Garcia and Renfrow. The jury found Appellant 
guilty of both burglary offenses and on both of the remaining retaliation 
offenses. The jury also found that the habitual offender and enhancement 
notices, as alleged in each indictment, were true. Appellant received a sentence 
of thirty-eight years’ confinement for each of the offenses to be served 
concurrently.
II. Sufficiency Complaints
        In 
his second and third issues, Appellant complains that the trial court erred in 
failing to grant his motion for directed verdict as to the retaliation charges 
pertaining to (1) Eloisa Garcia, as alleged in count two of the indictment in 
cause number 815433 and (2) Lucretia Renfrow, as alleged in count three of the 
indictment in cause number 815433, on the basis that the evidence is factually 
insufficient. We review a complaint that the trial court erred in denying a 
motion for a directed verdict as a challenge to the legal sufficiency of the 
evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); Perales 
v. State, 117 S.W.3d 434, 443 (Tex. App.—Corpus Christi 2003, no pet.). 
Throughout his brief, however, Appellant has challenged the factual sufficiency 
of the evidence. Liberally construing Appellant’s brief, we construe his 
second and third issues as encompassing both legal and factual sufficiency 
challenges. See Tex. R. App. P. 
38.1(e) (“The statement of an issue or point will be treated as covering every 
subsidiary question that is fairly included.”).
        A. Waiver
        We 
will first address the State’s waiver argument in which the State maintains 
that Appellant’s brief does not contain a clear and concise argument for the 
contention that the evidence is factually insufficient and does not otherwise 
properly raise a factual sufficiency challenge. See id. While we agree 
with the State that we may only consider a factual sufficiency challenge when 
properly raised by an appellant, we disagree that Appellant has failed to raise 
the issue in the present case. See Haney v. State, 977 S.W.2d 638, 647 
(Tex. App.—Fort Worth 1998, pet. ref’d) (holding appellant failed to raise 
factual sufficiency challenge where he merely claimed the evidence was 
“insufficient” and cited to Jackson v. Virginia, 443 U.S. 307, 319, 
99 S. Ct. 2781, 2789 (1979), “the seminal case on legal sufficiency”), abrogated 
in part on other grounds, Howland v. State, 990 S.W.2d 274 (Tex. 
Crim. App.), cert. denied, 528 U.S. 887 (1999).
        Appellant’s 
brief sets forth each issue, the relevant section of the penal code concerning 
the offense of retaliation, pertinent facts with record references, and citation 
to authorities concerning factual sufficiency review: Johnson v. State, 
23 S.W.3d 1, 7 (Tex. Crim. App. 2000) and Clewis v. State, 922 S.W.2d 
126, 129, 134 (Tex. Crim. App. 1996). Moreover, Appellant applies the facts of 
his case to the law and urges us to reverse his convictions for the retaliation 
offenses. Accordingly, we hold that Appellant has not waived his factual 
sufficiency challenges due to inadequate briefing, and we will address them in 
turn.
        B. Standard of Review
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 
608, 612 (Tex. Crim. App. 2001). This standard gives full play to the 
responsibility of the trier of fact to resolve conflicts in the testimony, to 
weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When 
performing a legal sufficiency review, we may not sit as a thirteenth juror, 
re-evaluating the weight and credibility of the evidence and, thus, substituting 
our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 
735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000). The 
standard of review is the same for direct and circumstantial evidence cases. Burden, 
55 S.W.3d at 613; Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 
1999).
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. Johnson 
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 
S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). Evidence is factually insufficient 
if it is so weak as to be clearly wrong and manifestly unjust or the adverse 
finding is against the great weight and preponderance of the available evidence. 
Johnson, 23 S.W.3d at 11.
        Therefore, 
we must determine whether a neutral review of all the evidence, both for and 
against the finding, demonstrates that the proof of guilt is so obviously weak 
as to undermine confidence in the verdict, or the proof of guilt, although 
adequate if taken alone, is greatly outweighed by contrary proof. Id. In 
performing this review, we are to give due deference to the fact finder’s 
determinations. Id. at 8-9; Clewis, 922 S.W.2d at 136. We may not 
substitute our judgment for that of the fact finder’s. Johnson, 23 
S.W.3d at 12. A proper factual sufficiency review must include a discussion of 
the most important and relevant evidence that supports the appellant’s 
complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 
2003).
        C. Retaliation
        The 
offense of retaliation is defined, in pertinent part, by the Texas Penal Code as 
follows:
 
A person commits an offense if 
he intentionally or knowingly harms or threatens to harm another by an unlawful 
act:
 
(1) in retaliation for or on 
account of the service or status of another as a:
 
(A) public servant, witness, 
prospective witness, or informant.

Tex. Penal Code Ann. § 36.06(a)(1)(A) 
(Vernon Supp. 2004). One of the retaliation statute’s purposes is to encourage 
“a certain class of citizens to perform vital public duties without fear of 
retribution.” In re B.P.H., 83 S.W.3d 400, 407 (Tex. App.—Fort Worth 
2002, no pet.) (quoting Doyle v. State, 661 S.W.2d 726, 728 (Tex. Crim. 
App. 1983)). “Those public duties may include reporting criminal activities, 
testifying in official proceedings, or cooperating with the government in a 
criminal investigation.” Morrow v. State, 862 S.W.2d 612, 615 (Tex. 
Crim. App. 1993). The statute does not require the threatened retaliatory harm 
be imminent, nor does it require that the actor actually intend to carry out his 
threat. B.P.H., 83 S.W.3d at 407; Coward v. State, 931 S.W.2d 386, 
389 (Tex. App.—Houston [14th Dist.] 1996, no pet.). Retaliation is 
a result oriented offense, and the focus is on whether the conduct is done with 
an intent to effect the result specified in the statute. B.P.H., 83 
S.W.3d at 407; Herrera v. State, 915 S.W.2d 94, 98 (Tex. App.—San 
Antonio 1996, no pet.). Retaliatory intent may be inferred from an accused’s 
acts, words, or conduct. Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim. 
App. [Panel Op.] 1982); B.P.H., 83 S.W.3d at 407.
        Additionally, 
the State must prove Appellant was a “witness or prospective witness,” as 
alleged and as contemplated by the statute. See Tex. Penal Code Ann. § 36.06(a)(1)(A). 
The Texas Court of Criminal Appeals defines the term “witness” as “one who 
has testified in an official proceeding.” Jones v. State, 628 S.W.2d 
51, 55 (Tex. Crim. App. [Panel Op.] 1980). A “prospective witness” is one 
who may testify in an official proceeding. Morrow, 862 S.W.2d at 614. A 
person who witnesses an offense, but who has not yet testified in a trial 
involving that offense, is also a prospective witness. B.P.H., 83 S.W.3d 
at 407; Solomon v. State, 830 S.W.2d 636, 637 (Tex. App.—Texarkana 
1992, pet. ref’d). The statute applies to a person even if official 
proceedings have not yet been initiated, assuming the person is in a position to 
testify. Morrow, 862 S.W.2d at 615; B.P.H., 83 S.W.3d at 407. 
Whether one is a prospective witness must be judged from the standpoint of the 
retaliator. Morrow, 862 S.W.2d at 615; B.P.H., 83 S.W.3d at 407.
        D. Application of Law to Facts
                1.     Eloisa 
Garcia
        Eloisa 
Garcia testified that she saw Appellant hitting and kicking Renfrow, and that 
she told him to leave her alone. Garcia testified that as she and Tijerina 
approached Appellant, “He turned around and looked at me.” Garcia said that 
she wanted to “distract him in beating up the lady” and that she began 
backing up because she saw anger in his face and because he told her to shut up. 
Garcia testified that Appellant started coming toward her and said, “You get 
the f*** back over there, back to your yard,” and she replied, “well, leave 
her alone.” According to Garcia, Appellant said to Tijerina, “what you want 
-- you want some of me -- you want some of me too.” When Tijerina said 
“no,” Appellant told Garcia, “y’all get the f*** inside the house and 
stay the f*** in there, better not say nothing.” She agreed that she turned 
and “back peddled” because she felt threatened. Garcia testified that she 
went inside her house like Appellant told her to do, but that she called 911 
once she got inside.
        In 
support of his argument, Appellant points to Garcia’s cross-examination. 
Appellant’s counsel asked Garcia, “That phrase, you want some of me, you 
better not say nothing doesn’t necessarily mean that you better not tell the 
authorities or you better not report this does it?” Garcia answered, “I just 
took it as you better not call the police”; however, she also agreed that it 
is capable of being interpreted differently. Appellant also points out 
Garcia’s testimony that she signed an affidavit to the effect that she did not 
want to press charges against Appellant because “he didn’t do nothing to 
me.”
        Appellant 
argues in his brief that Appellant’s statement “[better not] say nothing is 
evidentiary of his berserker rage, not an intent to retaliate against Eloisa 
Garcia as a witness.” Upon reviewing the record under the applicable standards 
of review, giving due deference to the fact finder’s determinations, we hold 
that the evidence is both legally and factually sufficient to support the 
jury’s determination that Appellant committed the offense of retaliation 
against Eloisa Garcia. Accordingly, we overrule Appellant’s second issue.
                2.     Lucretia 
Renfrow
        Lucretia 
Renfrow testified that, while she was on her postal route, she saw Appellant 
smash the back windshield of a car, while cursing and screaming. As Appellant 
was yelling, Renfrow started walking back toward her truck. Renfrow stated that 
she got in her truck and that Appellant was there. Renfrow testified that 
“[Appellant] started screaming and yelling at me that I needed to get my f***ing 
b**** a** off the f***ing street, and you didn’t see a motherf***ing thing, 
not a motherf***ing thing, did you.” Renfrow further testified that she felt 
threatened and that she did not have time to say or do anything.
        Appellant 
pulled Renfrow out of her truck by her arms, and once she was on the ground, he 
began to hit her on her face and the back of her head. Renfrow testified that 
Appellant was in a rage and that she had “never seen anything like it.” 
Renfrow testified that she understood Appellant’s comments to mean that 
“[i]f he would have let me get out of there, that’s exactly what I would 
have done.” She stated, however, that she was not given that opportunity. At 
some point during the attack, Renfrow “zoned out.” The first thing she 
recalled was a Hispanic lady coming around the back of her truck, who distracted 
Appellant so that she could get back in her truck and drive off.
        On 
appeal, Appellant maintains that his statement “didn’t see a thing” was 
“part of his generalized behavior” and was not specifically directed toward 
preventing her from reporting his conduct to the police. Appellant argues in his 
brief that at no point did he tell Renfrow, “‘I will hurt you if you tell’ 
or indicate that his actions arose from any concern about Ms. Renfrow being a 
witness.” Based on the totality of the circumstances, the jury could have 
inferred Appellant’s retaliatory intent not only from his words, but also by 
his conduct. See Dues, 634 S.W.2d at 305; B.P.H., 83 S.W.3d at 
407. Judging the evidence before it from the standpoint of Appellant, the jury 
could have reasonably inferred that Appellant was threatening and beating 
Renfrow in an attempt to persuade her through his violent actions and words not 
to report his criminal activity to the police or in a court of law. See 
Morrow, 862 S.W.2d at 615; B.P.H., 83 S.W.3d at 407.
        Upon 
reviewing the record under the applicable standards of review, giving due 
deference to the fact finder’s determinations, we hold that the evidence is 
both legally and factually sufficient to support the jury’s determination that 
Appellant committed the offense of retaliation against Lucretia Renfrow. 
Accordingly, we overrule Appellant’s third issue.
III. Jury Argument
        In 
his first issue, Appellant argues that the trial court erred in overruling his 
objection to the following portion of the State’s rebuttal argument from the 
punishment phase:[2]
  
Then we get into punishment. 
Pathetic didn’t bring Kim Curry. Pathetic you don’t have mama or anybody to 
come in and say --
 
[DEFENSE COUNSEL]: Your Honor, 
object those comments -- that’s a comment on the defendant’s failure to 
testify. He is looking at the defendant as he makes those comments. He wasn’t 
looking at me or anyone else. He is looking at the defendant. That is a comment 
on the defendant’s election not to testify.
 
THE COURT: Overruled.
 
[STATE]: Pathetic that not one 
person can come in and say a good thing about this guy.

 
Appellant argues that the 
State impermissibly commented on his failure to testify at the punishment stage 
of trial. To be permissible, the State’s jury argument must fall within one of 
the following four general areas: (1) summation of the evidence; (2) reasonable 
deduction from the evidence; (3) answer to argument of opposing counsel; or (4) 
plea for law enforcement. Felder v. State, 848 S.W.2d 85, 94-95 (Tex. 
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v. 
State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). The State may comment on 
a defendant’s failure to produce witnesses and evidence so long as the remark 
does not fault the defendant for exercising his right not to testify. Jackson 
v. State, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000).
        Here, 
it is evident that the State was arguing about Appellant’s failure to call his 
mother or any other witnesses to testify during the punishment phase of trial 
about his good traits. Moreover, Appellant raised this argument in his own 
closing argument when he questioned what the State was hiding by calling Renfrow 
as a witness during the punishment phase but not Curry. Upon viewing the 
argument in context, we hold that the State’s remark was a comment on 
Appellant’s failure to produce evidence through other witnesses, made in 
response to his own argument, and was not phrased such that the jury would 
necessarily and naturally have taken the remark as a comment on Appellant’s 
failure to testify. See Jackson, 17 S.W.3d at 674. We therefore 
overrule Appellant’s first issue.
IV. Conclusion
        Having 
overruled all three of Appellant’s issues, we affirm the trial court’s 
judgments.

  
                                                          ANNE 
GARDNER
                                                          JUSTICE

  
PANEL A: CAYCE, C.J.; GARDNER, 
J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: March 4, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  
Appellant argues his first issue with respect to Cause Nos. 815433, 815429, and 
815424.