WILLIAMS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-02-262-CR

        2-02-263-CR

        2-02-264-CR

AWYUNAH ALI WILLIAMS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Awyunah Ali Williams appeals his conviction by a jury for the offense of burglary of a habitation and two convictions for retaliation.  In three issues, Appellant challenges the factual sufficiency of the evidence in support of his two convictions for retaliation, and he asserts that the trial court erred in overruling his objection to a portion of the State’s rebuttal argument at the sentencing phase of his trial.  We will affirm.

I.  Factual and Procedural Background

On August 6, 2001, Appellant engaged in an argument with his girlfriend, Kim Latrice Curry, that escalated to a physical confrontation when she threw a telephone at him.  When Appellant grabbed Curry by the neck, she ran out of their house.  Appellant went outside and broke Curry’s car window and then went next door.  According to the next-door neighbor, Yvonne Taylor, Appellant burst through her door, “hollering and ranting and raving looking for his girlfriend.”  When he did not find Curry there, he left the house, yelling for Curry, and he kicked in the door to a house across the street.  When Appellant came out of that house, he approached a postal worker, Lucretia Renfrow, who was sitting in a postal truck.  Appellant cursed at her, pulled her out of the truck by her hair, threw her onto the ground, and began assaulting her with his fists. 

Eloisa Garcia and her sister Martha Tijerina observed Appellant attacking Renfrow, and they went over to help Renfrow.  Appellant then threatened the two women to get back, approaching them with his fists balled up, and they went back inside their house.  Garcia called 911.  Taylor testified that, after Garcia and Tijerina went inside, Appellant “took off down the street, still in that raged manner cussing, talking loud, fist balled up.”  Taylor stated that Appellant banged on cars in the street until the police arrived. 

Appellant was eventually charged in two indictments with the offense of entry of a habitation with intent to commit assault on Curry.  In another indictment, Appellant was charged in three counts with the offense of retaliation.  During trial, the court granted Appellant’s motion for directed verdict on the retaliation charge related to Tijerina, but it denied the request as to the retaliation charges pertaining to Garcia and Renfrow.  The jury found Appellant guilty of both burglary offenses and on both of the remaining retaliation offenses.  The jury also found that the habitual offender and enhancement notices, as alleged in each indictment, were true.  Appellant received a sentence of thirty-eight years’ confinement for each of the offenses to be served concurrently. 

II.  Sufficiency Complaints

In his second and third issues, Appellant complains that the trial court erred in failing to grant his motion for directed verdict as to the retaliation charges pertaining to (1) Eloisa Garcia, as alleged in count two of the indictment in cause number 815433 and (2) Lucretia Renfrow, as alleged in count three of the indictment in cause number 815433, on the basis that the evidence is factually insufficient.  We review a complaint that the trial court erred in denying a motion for a directed verdict as a challenge to the legal sufficiency of the evidence.  
Williams v. State
, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); 
Perales v. State
, 117 S.W.3d 434, 443 (Tex. App.—Corpus Christi 2003, no pet.).  Throughout his brief, however, Appellant has challenged the factual sufficiency of the evidence.  Liberally construing Appellant’s brief, we construe his second and third issues as encompassing both legal and factual sufficiency challenges.  
See
 
Tex. R. App. P.
 38.1(e) (“The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.”).

A.  Waiver

We will first address the State’s waiver argument in which the State maintains that Appellant’s brief does not contain a clear and concise argument for the contention that the evidence is factually insufficient and does not otherwise properly raise a factual sufficiency challenge.  
See id
.  While we agree with the State that we may only consider a factual sufficiency challenge when properly raised by an appellant, we disagree that Appellant has failed to raise the issue in the present case.  
See Haney v. State
, 977 S.W.2d 638, 647 (Tex. App.—Fort Worth 1998, pet. ref’d) (holding appellant failed to raise factual sufficiency challenge where he merely claimed the evidence was “insufficient” and cited to 
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979), “the seminal case on legal sufficiency”), 
abrogated in part on other grounds
, 
Howland v. State
, 990 S.W.2d 274 (Tex. Crim. App.), 
cert. denied,
 528 U.S. 887 (1999).

Appellant’s brief sets forth each issue, the relevant section of the penal code concerning the offense of retaliation, pertinent facts with record references, and citation to authorities concerning factual sufficiency review:  
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) and 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Moreover, Appellant applies the facts of his case to the law and urges us to reverse his convictions for the retaliation offenses.  Accordingly, we hold that Appellant has not waived his factual sufficiency challenges due to inadequate briefing, and we will address them in turn.

B.  Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  The standard of review is the same for direct and circumstantial evidence cases.  
Burden
, 55 S.W.3d at 613; 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.

Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations. 
 Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

C.  Retaliation

The offense of retaliation is defined, in pertinent part, by the Texas Penal Code as follows:

A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act:

(1) in retaliation for or on account of the service or status of another as a:

(A) public servant, witness, prospective witness, or informant.

Tex. Penal Code Ann.
 § 36.06(a)(1)(A) (Vernon Supp. 2004).  One of the retaliation statute’s purposes is to encourage “a certain class of citizens to perform vital public duties without fear of retribution.”  
In re B.P.H.
, 83 S.W.3d 400, 407 (Tex. App.—Fort Worth 2002, no pet.) (quoting 
Doyle v. State
, 661 S.W.2d 726, 728 (Tex. Crim. App. 1983)).  “Those public duties may include reporting criminal activities, testifying in official proceedings, or cooperating with the government in a criminal investigation.”  
Morrow v. State
, 862 S.W.2d 612, 615 (Tex. Crim. App. 1993).  The statute does not require the threatened retaliatory harm be imminent, nor does it require that the actor actually intend to carry out his threat.  
B.P.H.
, 83 S.W.3d at 407; 
Coward v. State
, 931 S.W.2d 386, 389 (Tex. App.—Houston [14
th
 Dist.] 1996, no pet.).  Retaliation is a result oriented offense, and the focus is on whether the conduct is done with an intent to effect the result specified in the statute.  
B.P.H.
, 83 S.W.3d at 407; 
Herrera v. State
, 915 S.W.2d 94, 98 (Tex. App.—San Antonio 1996, no pet.).  Retaliatory intent may be inferred from an accused’s acts, words, or conduct.  
Dues v. State
, 634 S.W.2d 304, 305 (Tex. Crim. App. [Panel Op.] 1982); 
B.P.H.
, 83 S.W.3d at 407.

Additionally, the State must prove Appellant was a “witness or prospective witness,” as alleged and as contemplated by the statute.  
See
 
Tex. Penal Code Ann
. § 36.06(a)(1)(A).  The Texas Court of Criminal Appeals defines the term “witness” as “one who has testified in an official proceeding.”  
Jones v. State
, 628 S.W.2d 51, 55 (Tex. Crim. App. [Panel Op.] 1980).  A “prospective witness” is one who may testify in an official proceeding.  
Morrow
, 862 S.W.2d at 614.  A person who witnesses an offense, but who has not yet testified in a trial involving that offense, is also a prospective witness.  
B.P.H.
, 83 S.W.3d at 407; 
Solomon v. State
, 830 S.W.2d 636, 637 (Tex. App.—Texarkana 1992, pet. ref’d).  The statute applies to a person even if official proceedings have not yet been initiated, assuming the person is in a position to testify.  
Morrow
, 862 S.W.2d at 615; 
B.P.H.
, 83 S.W.3d at 407.   Whether one is a prospective witness must be judged from the standpoint of the retaliator.  
Morrow
, 862 S.W.2d at 615; 
B.P.H.
, 83 S.W.3d at 407.

D.  Application of Law to Facts

1. Eloisa Garcia

Eloisa Garcia testified that she saw Appellant hitting and kicking Renfrow, and that she told him to leave her alone.  Garcia testified that as she and Tijerina approached Appellant, “He turned around and looked at me.”  Garcia said that she wanted to “distract him in beating up the lady” and that she began backing up because she saw anger in his face and because he told her to shut up.  Garcia testified that Appellant started coming toward her and said, “You get the f*** back over there, back to your yard,” and she replied, “well, leave her alone.”  According to Garcia, Appellant said to Tijerina, “what you want -- you want some of me -- you want some of me too.”  When Tijerina said “no,” Appellant told Garcia, “y’all get the f*** inside the house and stay the f*** in there, better not say nothing.”  She agreed that she turned and “back peddled” because she felt threatened.  Garcia testified that she went inside her house like Appellant told her to do, but that she called 911 once she got inside. In support of his argument, Appellant points to Garcia’s cross-examination.  Appellant’s counsel asked Garcia, “That phrase, you want some of me, you better not say nothing doesn’t necessarily mean that you better not tell the authorities or you better not report this does it?”  Garcia answered, “I just took it as you better not call the police”; however, she also agreed that it is capable of being interpreted differently.  Appellant also points out Garcia’s testimony that she signed an affidavit to the effect that she did not want to press charges against Appellant because “he didn’t do nothing to me.” 

Appellant argues in his brief that Appellant’s statement “[better not] say nothing is evidentiary of his berserker rage, not an intent to retaliate against Eloisa Garcia as a witness.”  Upon reviewing the record under the applicable standards of review, giving due deference to the fact finder’s determinations, we hold that the evidence is both legally and factually sufficient to support the jury’s determination that Appellant committed the offense of retaliation against Eloisa Garcia.  Accordingly, we overrule Appellant’s second issue.

2. Lucretia Renfrow

Lucretia Renfrow testified that, while she was on her postal route, she saw Appellant smash the back windshield of a car, while cursing and screaming.  As Appellant was yelling, Renfrow started walking back toward her truck.  Renfrow stated that she got in her truck and that Appellant was there. Renfrow testified that “[Appellant] started screaming and yelling at me that I needed to get my f***ing b**** a** off the f***ing street, and you didn’t see a motherf***ing thing, not a motherf***ing thing, did you.”  Renfrow further testified that she felt threatened and that she did not have time to say or do anything. 

Appellant pulled Renfrow out of her truck by her arms, and once she was on the ground, he began to hit her on her face and the back of her head.  Renfrow testified that Appellant was in a rage and that she had “never seen anything like it.”  Renfrow testified that she understood Appellant’s comments to mean that “[i]f he would have let me get out of there, that’s exactly what I would have done.”  She stated, however, that she was not given that opportunity.  At some point during the attack, Renfrow “zoned out.”  The first thing she recalled was a Hispanic lady coming around the back of her truck, who distracted Appellant so that she could get back in her truck and drive off. 

On appeal, Appellant maintains that his statement “didn’t see a thing” was “part of his generalized behavior” and was not specifically directed toward preventing her from reporting his conduct to the police.  Appellant argues in his brief that at no point did he tell Renfrow, “‘I will hurt you if you tell’ or indicate that his actions arose from any concern about Ms. Renfrow being a witness.” Based on the totality of the circumstances, the jury could have inferred Appellant’s retaliatory intent not only from his words, but also by his conduct.  
See Dues
, 634 S.W.2d at 305; 
B.P.H.
, 83 S.W.3d at 407.  Judging the evidence before it from the standpoint of Appellant, the jury could have reasonably inferred that Appellant was threatening and beating Renfrow in an attempt to persuade her through his violent actions and words not to report his criminal activity to the police or in a court of law.  
See Morrow
, 862 S.W.2d at 615; 
B.P.H.
, 83 S.W.3d at 407.

Upon reviewing the record under the applicable standards of review, giving due deference to the fact finder’s determinations, we hold that the evidence is both legally and factually sufficient to support the jury’s determination that Appellant committed the offense of retaliation against Lucretia Renfrow.  Accordingly, we overrule Appellant’s third issue.

III.  Jury Argument

In his first issue, Appellant argues that the trial court erred in overruling his objection to the following portion of the State’s rebuttal argument from the punishment phase:
(footnote: 2)
 Then we get into punishment.  Pathetic didn’t bring  Kim Curry.  Pathetic you don’t have mama or anybody to come in and say --

[DEFENSE COUNSEL]:  Your Honor, object those comments -- that’s a comment on the defendant’s failure to testify.  He is looking at the defendant as he makes those comments.  He wasn’t looking at me or anyone else.  He is looking at the defendant.  That is a comment on the defendant’s election not to testify.

THE COURT:  Overruled.

[STATE]:  Pathetic that not one person can come in and say a good thing about this guy. 

Appellant argues that the State impermissibly commented on his failure to testify at the punishment stage of trial.  To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  The State may comment on a defendant’s failure to produce witnesses and evidence so long as the remark does not fault the defendant for exercising his right not to testify.  
Jackson v. State
, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000).

Here, it is evident that the State was arguing about Appellant’s failure to call his mother or any other witnesses to testify during the punishment phase of trial about his good traits.  Moreover, Appellant raised this argument in his own closing argument when he questioned what the State was hiding by calling Renfrow as a witness during the punishment phase but not Curry.  Upon viewing the argument in context, we hold that the State’s remark was a comment on Appellant’s failure to produce evidence through other witnesses, made in response to his own argument, and was not phrased such that the jury would necessarily and naturally have taken the remark as a comment on Appellant’s failure to testify.  
See
 
Jackson
, 17 S.W.3d at 674.  We therefore overrule Appellant’s first issue.

IV.  Conclusion

Having overruled all three of Appellant’s issues, we affirm the trial court’s judgments.

ANNE GARDNER

JUSTICE

PANEL A:  CAYCE, C.J.; GARDNER, J.; and SAM J. DAY, J. (Retired, Sitting  by Assignment).

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  March 4, 
2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Appellant argues his first issue with respect to Cause Nos. 815433, 815429, and 815424.