Edward MORROW, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–89–00081–CR.

Court of Appeals of Texas,
Tyler.

Oct. 31, 1990.

Rehearing Denied Sept. 29, 1993.

G. Timothy Boswell, Mineola, for appellant.

Marcus D. Taylor, Quitman, for appellee.

PER CURIAM.

Appellant was convicted by a jury of the felony offense of retaliation in violation of

TEX.PENAL CODE ANN. § 36.06 (Vernon 1989).[1] Punishment was assessed at fifteen years in prison and a $5,000.00 fine.

On appeal appellant raises two points of error. Appellant, in the first point, asserts that the evidence was insufficient to show his actions were taken in retaliation for the alleged victim's service as a prospective witness. By his second point of error appellant contends that the evidence is insufficient to show that the alleged victim was a prospective witness.

■ The indictment charging appellant with the offense of retaliation reads:

EDWARD MORROW ... on or about the 27th day of December A.D. 1988 ... did then and there intentionally and knowingly harm JOHNNY GLASSCOCK by an unlawful act, to-wit: by throwing a cup of hot water into the face of JOHNNY GLASSCOCK in retaliation for and on account of the service of the said JOHNNY GLASSCOCK as a prospective witness;

It is appellant's contention that the record contains no evidence that any actions were taken by him "in retaliation for and on account of the service of the said JOHNNY GLASSCOCK **as a prospective witness.**" Appellant asserts that the only evidence in the record reveals that any actions taken by him against Glasscock may have been in retaliation for Glasscock's service as an informant but not for his service as a prospective witness.

The version of section 36.06 in effect at the time of the offense in this case provided:

A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service of another as a public servant, witness, prospective witness, or informant.

The statute was amended in 1989 by adding to the end of the sentence defining the offense the language, "or a person who has reported the occurrence of a crime."

The evidence in this case reveals that on December 27, 1988, officials at the Wood County jail discovered that a skylight in one of the cell tanks had been broken. An investigation was started during which an inmate in the tank where the skylight had been broken, Johnny Glasscock, told the jail officials that appellant had broken the skylight. Glasscock told the jail administrator that he was afraid of appellant and asked to be moved to a separate cell. His request was honored. Appellant was also moved to a separation cell in the same area as Glasscock.

On the evening of December 27, a trustee served Glasscock and appellant hot water for coffee. For some unexplained reason appellant was outside of his cell when he received his hot water. The uncontradicted evidence is that appellant threw his cup of hot water through an opening in the door of Glasscock's cell and said, either before, simultaneously or immediately after, "Glasscock, I'll teach you to snitch on me," or "Mr. Glasscock that will teach you to snitch," or "Glasscock, that's what you get for snitching." Glasscock testified to all three versions of what appellant said to him. The trustee, who was within a few feet of appellant when the water was thrown, testified that appellant asked Glasscock why he "snitched" on him.

■ The standard by which the sufficiency of the evidence is judged in criminal cases is whether, viewing the evidence in the light most favorable to the verdict, any rational jury could have found that the state proved the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). At issue in the case before us is whether a rational jury could have found that appellant retaliated against Glasscock for or on account of Glasscock's service as a "prospective witness."

The trial court defined "prospective witness" in this case as "a person who may testify in an official proceeding." There being no objection voiced at trial to that definition, we must decide whether the evidence supports beyond a reasonable doubt the jury's finding that appellant threw the hot

---

1. Section 36.06 was amended subsequent to the prosecution in this case by Act of June 14, 1989 ch. 557, § 1, 1989 Tex.Spec. & Gen.Laws 1857.

The amendment was effective September 1, 1989.

water in Glasscock's face on account of Glasscock's service as one who may testify in an official proceeding. *See Arceneaux v. State,* 803 S.W.2d 267 (Tex.Cr.App.1990); *Benson v. State,* 661 S.W.2d 708, 713–715 (Tex.Cr. App.1982), *cert. denied,* 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984).

*Benson* provided the impetus for the addition of "prospective witnesses" to the persons protected by section 36.06. In that case the defendant was charged with burglary with intent to commit the offense of retaliation.[2] The charge defined retaliation in terms of a "witness." In the opinion on original submission, the Court of Criminal Appeals concluded that the victim, who had filed a criminal complaint and communicated with law enforcement officials, was not a "witness" because she had not yet testified in an official proceeding. Rather, the Court concluded that she was merely a "prospective witness" as well as an informant.[3] 661 S.W.2d at 711 and n. 2.

As in *Benson,* in our case the theory that Glasscock was an informant was not pursued. That however does not preclude his also having the status of a prospective witness. All informants are prospective witnesses. One who has communicated information to government in connection with a government function stands as one who may testify in an official proceeding to which the information is relevant.

In the case before us, Glasscock had knowledge of facts regarding destruction of public property which he communicated to law enforcement officials during their investigation of the damage. He had been removed from the general jail population for his protection after he provided the information. Had the State brought either an administrative or a criminal charge against appellant for breaking the skylight, Glasscock's knowledge of the facts would certainly have placed him in a position to testify in the resulting official proceeding. His expressed desire not to do so would be irrelevant as he could be compelled to testify.

The fact that there was no criminal complaint based on the damage actually filed in this case does not alter the fact that Glasscock was a person who may have testified in an official proceeding. Common sense dictates that one who knows who committed an offense and tells the police who committed the offense, is one who will potentially testify. Thus the evidence is sufficient that Glasscock was a prospective witness. The second point of error is overruled.

The first point of error raises the sufficiency of the evidence to prove the element of appellant's motivation for the attack. Appellant claims his remarks demonstrate that his only motivation was retrospective; that is, he was acting only because Glasscock had informed on him. We do not read the testimony regarding appellant's remarks at the time he threw the water in Glasscock's face as restrictively as appellant. It is undisputed that appellant made some remark about teaching Glasscock to inform on appellant. This could as clearly have been a message to Glasscock to keep quiet in the future or at a subsequent proceeding as it could have been for acts already done. It was within the province of the jury to make that determination, and we will not disturb their decision. The first point of error is overruled.

The judgment of the trial court is AFFIRMED.

---

**2.** At the time, the statute protected public servants, witnesses and informants.

**3.** "Informant" is defined in section 36.06(b) as "a person who has communicated information to the government in connection with any government function."