Edward MORROW, Appellant,

v.

The STATE of Texas, Appellee.

No. 1180–90.

Court of Criminal Appeals of Texas,
En Banc.

June 23, 1993.

Rehearing Denied Sept. 29, 1993.

G. Timothy Boswell, Mineola, John W. Alexander, Winnsboro, for appellant.

Marcus D. Taylor, Dist. Atty., and Henry G. Whitley, Asst. Dist. Atty., Quitman, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellant was convicted of retaliation against a prospective witness. TEX.PENAL CODE ANN. § 36.06. Appellant's conviction was enhanced and the jury assessed punishment at fifteen years confinement. in the Texas Department of Corrections and a fine of five thousand dollars. The court of appeals affirmed the judgment of the trial court. *Morrow v. State*, 862 S.W.2d 616 (Tex.App.—Tyler 1990). We granted appellant's petition for discretionary review to determine "whether the court of appeals erred in holding that the trial court properly entered a judgment of guilt[ ] despite the absence of probative evidence adduced at trial showing that the alleged victim was a prospective witness."

During an investigation of a broken skylight at the Wood County jail where appellant was incarcerated, inmate Johnny Glasscock informed authorities that appellant was responsible for the damage. Glasscock and appellant were thereafter placed in separation cells in the same area of the jail. Later that day, appellant was given hot water for coffee in the hallway outside of his cell. Appellant carried the hot water to Glasscock's cell and threw it into Glasscock's face, allegedly telling Glasscock, "that will teach you to snitch". Glasscock suffered third degree burns. Although no charges were pursued against appellant in connection with the broken skylight, the instant retaliation case arose as a consequence of appellant's conduct toward Glasscock.

■ At the time of the alleged offense, Penal Code section 36.06 provided as follows:

A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service of another as a public servant, witness, prospective witness, or informant.

TEX.PENAL CODE ANN. § 36.06. Pursuant to this section, the indictment alleged that appellant:

did then and there intentionally and knowingly harm JOHNNY GLASSCOCK by an unlawful act, to wit: by throwing a cup of hot water into the face of JOHNNY GLASSCOCK in retaliation for and on account of the service of said JOHNNY GLASSCOCK as a prospective witness[.]

The trial court's charge instructed the jury that a prospective witness is "a person who may testify in an official proceeding." The court of appeals held that the evidence was sufficient to support the jury's finding that Glasscock was a "prospective witness" as defined by the trial court's charge. The court of appeals reasoned that one who communicates information to the government may logically also have to testify in an official proceeding in connection with that information.

Appellant argues that a "prospective witness" must bear some relationship to an official proceeding that has actually been initiated; therefore, because charges were never filed against appellant for his alleged destruction of property, Glasscock was not a "prospective witness." Appellant argues that had the legislature intended "informant" and "prospective witness" to mean the same thing, they would not be listed separately in the retaliation provision. The State asserts that appellant is impermissibly asking this Court to substitute our definition of "prospective witness" in place of the definition given in the charge when appellant did not object to the charge at trial. Citing *Benson v. State*, 661 S.W.2d 708 (Tex.Crim.App. 1982), the State points out that sufficiency of the evidence is measured by the charge and according to the definition of "prospective witness" as set forth in the charge, the evidence was sufficient to support the jury's verdict.

 We agree with the State that appellant's claim is not so much a sufficiency problem as it is one of charge error. The charge defined "prospective witness" as "a person who may testify in an official proceeding". The definition did not require that an official proceeding be initiated. Under this definition, the evidence was sufficient to find that Glasscock was a prospective witness. Clearly, as the person who reported appellant as responsible for the destruction of property, Glasscock placed himself in the position of "a person who may testify in an official proceeding" regarding that offense. The evidence was sufficient under the charge given. The ultimate issue presented, then, is whether the court of appeals erred in failing to add to the definition of "prospective witness", as given in the charge, the requirement that an official proceeding be initiated.[1]

 Neither this Court nor the legislature has defined "prospective witness" for purposes of the Penal Code's retaliation provision. Where statutory terms are not defined by the legislature, we ascribe to those terms their ordinary meaning. *Vernon v. State,* 841 S.W.2d 407 (Tex.Crim.App.1992). The term "prospective" is defined by Webster's Dictionary as "looking toward the future". WEBSTER'S NEW WORLD DICTIONARY 1141 (1986 ed.). Black's Law Dictionary defines "prospective" as "looking forward; contemplating the future." BLACK'S LAW DICTIONARY 1386 (4th ed.). This Court has defined the term "witness" as "one who *has* testified in an official proceeding." *Jones v. State,* 628 S.W.2d 51 (Tex.Crim.App. 1980) (emphasis added). The trial court's definition of prospective witness as "a person who *may* testify in an official proceeding" constitutes a merging of the ordinary meaning of these two terms.

Appellant contends this interpretation does not square with the remainder of the retaliation provision or the subsequent amendment to the provision. The provision at the time of appellant's trial included in its list of victims "public servant, witness, prospective witness, or informant." This provision was amended in 1989 to add to that list "a person who has reported the occurrence of a crime." Appellant argues that "[b]y canceling the requirement that the State prove (at a minimum) that there was some *actual* "official proceeding" in which the "prospective witness" could have testified, the Court of Appeals makes a prospective witness indistinguishable from an informant or a person who reports the occurrence of a crime." We disagree. While there may be some overlap among the categories of persons listed, each category is nevertheless distinct. Moreover, to require the initiation of official proceedings in order for one to be a "prospective witness" would not further the apparent policies underlying section 36.06.

### A. *The categories of protected persons are distinct*

 The existence of some overlap among the categories of persons protected under section 36.06, does not support appellant's conclusion that each category is not distinct. An "informant" is defined by the Penal Code as "a person who has communicated information to the government in connection with any governmental function." There are a number of reasons an informant would not be considered a prospective witness.[2] For instance, the State may not be willing to reveal the identity of an informant. The informant himself may not have revealed his identity to the government. The informant may not have first-hand knowledge of a crime; his information may be based upon inadmissible hearsay. Similarly, a "person who has reported the occurrence of a crime" may not be a prospective witness for any of the same reasons that an informant may not be a prospective witness. In addition, a prospective witness may not necessarily be a "person who has reported the occurrence of a crime". Further, persons who have reported the oc-

---

1. We note that were we to find charge error in this case, because appellant failed to object to the charge at trial, the error must be "so egregious and [has] created such harm that [appellant] 'has not had a fair and impartial trial' " in order to call for reversal. *Almanza v. State,* 686 S.W.2d

157, 171 (Tex.Crim.App.1984) (opinion on State's motion for reh'g).

2. In this respect, we agree with appellant that the court of appeals was overbroad in stating that "all informants are prospective witnesses".

currence of a crime to nongovernmental third parties are not informants. Neither are all informants persons who have reported the occurrence of crimes. Informants often communicate information about criminal activity that is *about* to occur, rather than criminal activity that has already occurred.

B. *The distinct categories of persons protected further the underlying policy objectives of the section*

"A central purpose of [section 36.06] is to encourage a certain class of citizens· to perform vital public duties without fear of retribution." *Doyle v. State*, 661 S.W.2d 726, 729 (Tex.Crim.App.1983). Those public duties may include reporting criminal activities, testifying in official proceedings, or cooperating with the government in a criminal investigation. Section 36.06 seeks to encourage such participation without fear of retribution. A review of the distinct categories of persons protected leads to the conclusion that the legislature attempted to account for every category of person who might possess information regarding criminal activity which may lead to the apprehension of a criminal offender. We can conceive of no existing gap in the persons protected under section 36.06. Appellant's interpretation would do nothing to increase the protection offered under the section, and may risk creating a gap among the categories of persons intended to be covered.[3] In view of the obvious efforts on the part of the legislature to cover every conceivable category of persons with information regarding criminal activity, we decline to adopt a construction that would possibly narrow the categories of persons protected and do nothing to further the policies underlying the provision. We therefore hold that an official proceeding need not be initiated in order for a person to be a "prospective witness" under section 36.06 of the Penal Code.

The judgment of the court of appeals is affirmed.

3. For instance, a person who has firsthand information about criminal activity, but not necessarily about "the occurrence of a crime", and reports that information to a nongovernmental third party would *not* be protected under appellant's interpretation of section 36.06 unless offi-

CLINTON, J., dissents for fundamental error in the jury charge defining "prospective witness" and because the evidence is insufficient. See *Jones v. State*, 628 S.W.2d 51, at 55 and n. 15 (Tex.Cr.App.1982).

cial proceedings had been initiated. Under our interpretation, that person would be protected as a prospective witness, even if official proceedings had not yet been initiated, assuming they were otherwise in a position to testify.