**Corrie RUDOLPH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–01–00120–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 14, 2001.

Jeff Williams, Attorney At Law, San Antonio, for Appellant.

Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice and PAUL W. GREEN, Justice.

## OPINION

PHIL HARDBERGER, Chief Justice.

Corrie Rudolph ("Rudolph") was involved in an automobile accident witnessed by Patricia Regalado ("Regalado"). Regalado stated that Rudolph caused the accident by speeding and running a red light. After a series of threatening phone calls, Rudolph was indicted for retaliation. The trial court, as the trier of fact, found Rudolph guilty of retaliation. On appeal, Rudolph challenges the legal and factual sufficiency of the evidence to support his conviction. Finding the evidence sufficient, we affirm.

### STANDARD OF REVIEW

In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). All of the evidence in the record is considered, both direct and circumstantial, whether admissible or inadmissible. *Johnson v. State,* 871 S.W.2d 183, 186 (Tex.Crim.App. 1993). In our factual sufficiency review, we must consider all of the evidence to determine whether the judgment is "so contrary to the overwhelming weight of the evidence to be clearly wrong and unjust." *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). The trial judge, as the trier of fact, is required to evaluate the credibility and demeanor of the witnesses and to determine the weight to be given

contradictory testimony. *Cain v. State*, 958 S.W.2d 404, 408–09 (Tex.Crim.App. 1997). We are not permitted to reweigh the evidence, rather we defer to the trier of fact's findings, particularly those based on credibility determinations. *Id.* at 407–09.

## DISCUSSION

Rudolph initially contends that the evidence is insufficient to show that he threatened to kill Regalado. However, Officer Stoeckle testified that Regalado reported that Rudolph told her that he was going to "blow her shit away." In his written statement, Rudolph admitted telling Regalado he was going to "blow her away." In addition, Regalado testified that Rudolph told her he was going to "pop a cap on [her] ass." Officer Stoeckle testified that the statement that Rudolph would "blow her shit away" was a threat to kill Regalado, and that the expression "put a cap on your ass" was a threat to try to shoot someone or try to kill someone. Although Rudolph testified that he did not make the statements, and Rudolph's father stated that the expressions were not threats, the trial judge as the trier of fact disbelieved that testimony. The evidence was legally and factually sufficient to prove that Rudolph threatened to kill Regalado.

Rudolph also contends that the evidence was insufficient to prove that Regalado was a prospective witness and that the threats were made in retaliation for and on account of her service as a prospective witness. Specifically, Rudolph contends that the evidence only supports a finding that the threats were made in response to what Regalado had already reported and that Regalado never served as a witness.

Whether someone is a prospective witness is to be judged from the standpoint of the person who retaliates. *Davis v. State*, 890 S.W.2d 489, 491 (Tex.App.—Eastland 1994, no pet.); *Solomon v. State*, 830 S.W.2d 636, 637 (Tex.App.—Texarkana 1992, pet. ref'd). However, an official proceeding need not be initiated before a person may be a prospective witness. *Morrow v. State*, 862 S.W.2d 612, 615 (Tex. Crim.App.1993).

In this case, the evidence supports a finding that when Regalado gave her statement to the officer for use in the police report, she became a prospective witness. *See Johnston v. State*, 917 S.W.2d 135, 137 (Tex.App.—Fort Worth 1996, pet. ref'd). This finding is further bolstered by Rudolph's testimony that an attorney had called him about the possibility of a court proceeding, and his statement to Regalado that she would have to testify in court. Just as an official proceeding need not be initiation before a person may be a prospective witness, *Morrow*, 862 S.W.2d at 615, a witness need not testify in court before she performs services as a prospective witness. A central purpose of the penal statute making retaliation a criminal offense is "to encourage a certain class of citizens to perform vital public duties without fear of retribution." *Id.* A witness to an automobile accident performs a vital public duty when she provides her account of the events to the officer making the accident report. As a result, Regalado's service began when she offered her account of the accident at the scene.

## CONCLUSION

The trial court's judgment is affirmed.