**1170-15**

No. _____

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 04 2015

Abel Acosta, Clerk

CLARENCE DANNEL DUNNINGTON

APPELLANT

VS.

STATE OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

DEC 04 2015

Abel Acosta, Clerk

PETITION IN CAUSE No. 296-80895-2013

FROM THE 296th DISTRICT COURT OF COLLIN COUNTY, TEXAS

AND APPEAL No. 05-14-00127-CR

FROM THE COURT OF APPEALS FOR THE FIFTH COURT

OF APPEALS DISTRICT OF TEXAS

---

**PETITION FOR DISCRETIONARY REVIEW**

---

ORAL ARGUMENT REQUESTED

Clarence Dannel Dunnington
#1909127
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601

PRO SE

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P 38.1(a), the parties to this suit are as follows:

1. Appellant - Clarence Dannel Dunnington

2. Appellate Attorney for Appellant

    Heather J. Barbieri
    Barbieri Law Firm, P.C.
    SBOT 24007298
    1400 Gables Court
    Plano, Texas 75075

3. Trial Attorney for Appellant

    Richard Franklin
    SBOT 07378600
    Robbie McClung
    SBOT 00789772
    100 Highland Park Village
    Suite 200
    Dallas, Texas 75205

4. Prosecutors
   By and through Greg Willism Collin County District Attorney

    John Rolater, Assistant District Attorney
    Collin County Courthouse
    2100 Bloomdale Road, Suite 100
    McKinney, Texas 75071

5. Trial Judge

    John Roach Jr.
    Collin County Courthouse 296th
    2100 Bloomdale Road
    McKinney, Texas 75071

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

WORD COUNT . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . 1

GROUND FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

> The Court of Appeals erred when it held there was sufficient evidence to prove Appellant was guilty under the Law of Parties when it did not properly consider in its opinion that there was neither direct nor circumstancial evidence to prove that Appellant was acting with intent to promote or assist the commission of the offense, and that he solicited, encouraged, directed, aided, or attempted to aid another person to commit the offense.

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# INDEX OF AUTHORITIES

## CONSTITUTION

U.S. Const. Amend. 14th

## STATUTES

Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979)

Tex. Penal Code Ann. § 7.01(a) (Vernon 2003)

Tex. Penal Code Ann. § 7.02(a)(2) (Vernon 2003)

Tex. Penal Code Ann. §19.02(b)(1) (Vernon 2003)

Tex. Penal Code Ann. §19.03(a)(2) (Vernon 2003)

Tex. Penal Code Ann. §36.06(a)(1) (Vernon 2003)

## CASES

Dewberry-v-State, 4 S.W.3d 735 (Tex. Crim. App. 1999)

Jackson-v-Virginia, 443 U.S. 307 (1979)

Matson-v-State, 819 S.W.2d 839 (Tex. Crim. App 1991)

Moreno-v-State, 775 S.W.2d 866 (Tex. Crim. App 1988)

Nelson-v-State, 405 S.W.3d 113 (Tex. App - Houston 2013)

Perry-v-State, 977 S.W.2d 847 (Tex. App - Houston 1998)

Temple-v-State, 390 S.W.3d 341 (Tex. Crim. App 2013)

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Clarence Dannel Dunnington petitions this Honorable Court to review the judgement affirming his conviction for Capital Murder in Cause No. 296-80895-2013.

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant, Clarence Dannell Dunnington, requests oral argument before the Court of Criminal Appeals of Texas, because oral argument will assist the Court in determining whether the Court of Appeals erred when it determined that petitioner did not carry his burden to show that the trial courts denial of his sufficiency challenge was clearly erroneous.

## STATEMENT OF THE CASE

The Appellant was charged by indictment with the offense of Capital Murder for Retaliation. A jury convicted him under the Texas Penal Code § 19.03(a)(9) (C.R. I-84). Appellant was sentenced to LIFE without Parole in the Texas Department of Corrections and no fine. The Court of Appeals for the 5th Court of Appeals District of Texas affirmed the judgement and sentence on August 31st, 2015 in an opinion not designated for publication.

## STATEMENT OF PROCEDURAL HISTORY

A three Justice panel of the Court of Appeals rendered its opinion on August 31st, 2015. Dunnington-v-State, 05-14-00127-CR (Tex. App - Dallas August 31st, 2015, pet. filed)(mem. op. not designated for publication). Subsequently petitioner filed a motion for an extention of time which the Court of Criminal Appeals extended his time to file a petition for discretionary review to November 30, 2015. PD-1170-15. He files this petition timely in concurrance with this date.

## GROUND FOR REVIEW

The Court of Appeals erred when it held there was sufficient evidence to prove Appellant was Guilty under the Law of Parties when it did not properly consider in its opinion that there was neither direct nor circumstantial evidence to prove that Appellant was acting with intent to promote or assist the commission of the offense, and that he solicited, encouraged, directed, aided, or attempted to aid another person to commit the offense.

-1-

ARGUMENT

REASON FOR GRANTING REVIEW:

The Court of Appeals affirmed Appellants sufficiency claim holding that "based on the totality of the evidence, a jury could have reasonably concluded, beyond a reasonable doubt, that Appellant was guilty as a party to the murder of Velasquez." (C.O.A. op. pg 8). In respects to this decision, petitioner argues this finding did not consider lack of evidence relevant to support states claim, that Appellant acted within intent to promote or assist the commission of the offense, and that he solicited, encouraged, directed, aided, or attempted to aid another person to commit the murder of Velasquez.

Under the law of parties, "[a] person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." Tex, PENAL CODE ANN. § 7.01(a)(Vernon 2003). A person is "criminally responsible" for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Id. § 7.02(a)(2).

A person commits "retaliation" if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for, or on account of, the service or status of another as a public servant, witness prospective witness, informant, or person who has reported or who the actor knows intends to report the occurance of a crime. TEX. PENAL CODE ANN. § 36.06(a)(1).

Appellants focus is on the Law of Parties, the Court of Appeals completely ignored that not person or gunman identified Appellant as a party to the offense, the Court of Appeals acknowledges the retaliation, (C.O.A. op. pg 6) but not the law of parties under TEX. PENAL CODE ANN. § 7.01(a) (Vernon 2003). Id. § 7.02(a)(2).

THE SALIENT FACTS

This petition conserns a sufficiency claim at petitioners trial. Therefore the statement of facts in this petition will limit itself only to the facts salient to this ground for review. At petitioners trial state argues Appellant acted with intent to promote or assist a third-party gunman

-2-

in the intentional murder of Jessica Velasquez. In determining the sufficiency of the evidence, the reviewing court considers all evidence in the light most favorable to the jury's verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson-v-Virginia, 443 U.S. 307, 319 (1979). The petitioner argues that the State lacked the evidence to present said offense to the jury; while the State relies on case law cited out of Temple-v-State; when the record supports conflicting inferences, the Court presumes that the jury resolved the conflicts of the verdict and defers to that determination. Temple-v-State, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). The Petitioner argues that the record lacks support because the alleged gunman was never presented at trial which is not petitioners sole claim pertaining to the sufficiency as stated in Perry-v-State, 977 S.W.2d 847, 850 (Tex. App - Houston 1998, no pet.); but the lack of direct evidence comports to the claim petitioner brings forth. Respectfully the Court of Appeals claim, "the State is not required to present evidence of the specific acts or statements that constitute participation in an offense." (C.O.A. op. pg 6) According to the law of parties TEX. PENAL CODE ANN. § 19.02(b)(1) (Vernon 2003) and according to "retaliation" read in TEX. PENAL CODE ANN. § 36.06(a)(1) a person must have "Intentionally" knowledge of the cause, he must promote or assist in the commission of the offense. In reviewing the legal sufficiency of the evidence, the Appellate Court's duty is not "to disregard, realign, or weigh evidence. This the fact finder has already done." Moreno-v-State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988), The Appellate Court may reverse the verdict only if that verdict is irrational or unsupported by the evidence. Matson -v-State, 819 S.W.2d 839, 843 (Tex. Crim. App). Also both the State and Court of Appeals cites Nelson-v-State to show petitioners guilt. (C.O.A. op. pg 6). In Nelson-v-State 405 S.W.3d 113, 125-126; the defendant "had knowledge about the complainant's death that only someone involved in the murder could have had."

## THE COURT OF APPEALS HOLDING

The Court of Appeals held that "the State presented sufficient evidence to allow the jury to reasonably make this finding", "We conclude based on the totality of the evidence, a jury could have reasonably concluded beyond a reasonable doubt, that Appellant was guilty as a party to the murder of Velasquez."

-3-

THE STATE DID NOT PROVIDE SUFFICIENT EVIDENCE TO SHOW PETITIONER INTENTIONALLY WITH KNOWLEDGE OF THE CAUSE, PROMOTE OR ASSISTED IN COMMISSION OF SAID OFFENSE.

The Court of Criminal Appeals has consistently held the Appellates Court duty is not to realign or re-evaluate the weight and credibility of the evidence and substitute its judgment for that of the fact finder. Dewberry -v-State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); Moreno-v-State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). In both these cases the duty was for them to weigh the evidence not be the 13th juror, the State clearly presented evidence with no direct admonishment from the petitioner nor any other witness or co-defendant. The State along with the Court of Appeals used cumulative evidence to bring upon the petitioner none of which shows any intentional actions taken by petitioner to commit said offense.

In the instant case the Court of Appeals only answers petitioners claim by piecing it together as a "puzzle" to show petitioners guilty something in which the jury has done. Respectfully the Courts detoured from actually answering his claim, petitioner reinterates the States sole issue is that the petitioner "promoted, solicited, encouraged, directed, aided, or attempted to aid another person to commit the offense" Id § 7.02(a)(2). All without showing he intentionally aided in committing this act. However, where as in this case, the Court of Appeals reviews a case without considering all the relevant evidence or lack thereof it should remand the cause for a new factual determination which takes into account all such material or lack thereof.

## PRAYER FOR RELIEF

For the reasons here in alleged, the Court of Appeals erred in overruling appellants sole error in Appeal No. 05-14-00127-CR. Therefore, Appellant prays this Honorable Court grant this petition, order briefing and upon reviewing the judgment entered be loss, reverse the judgment of of the Court of Appeals and remand this case to the Court of Appeals for review consistent with this Court's holding.

Respectfully Submitted,

Clarence D. Dunnington

Clarence Dannel Dunnington
#1909127
Robertson Unit
12071 FM 3522
Abilene, TX 79601

-4-

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Rule 9.5 and 68.11 of the Texas Rules of Appellate Procedure, a true and correct copy of the above and foregoing petition for discretionary review has been sent to John Rolater, Coling County D.A Office, 2100 Bloomingdale Road, Suite 100, McKinney, Texas, 75071 and sent to State prosecuting attorney, P.O Box 13046, Austin Texas on this _____ day of _____ 2015.

Clarence Dannel Dunnington
Pro Se

## APPENDIX

Opinion of the Court of Appeals for the Fifth Court of Appeals District of Texas, Clarence Dannel Dunnington, No. 05-14-00127-CR (Tex. App – Dallas August 31st 2015, pet. filed) (mem. op., not designated for publication)

CHIEF JUSTICE
  CAROLYN WRIGHT

JUSTICES
  DAVID L. BRIDGES
  MOLLY FRANCIS
  DOUGLAS S. LANG
  ELIZABETH LANG-MIERS
  ROBERT M. FILLMORE
  LANA MYERS
  DAVID EVANS
  DAVID LEWIS
  ADA BROWN
  CRAIG STODDART
  BILL WHITEHILL
  DAVID J. SCHENCK



## Court of Appeals
## Fifth District of Texas at Dallas

600 COMMERCE STREET, SUITE 200
DALLAS, TEXAS 75202
(214) 712-3400

LISA MATZ
CLERK OF THE COURT
(214) 712-3450
theclerk@5th.txcourts.gov

GAYLE HUMPA
BUSINESS ADMINISTRATOR
(214) 712-3434
gayle.humpa@5th.txcourts.gov

FACSIMILE
(214) 745-1083

INTERNET
WWW.TXCOURTS.GOV/5THCOA.ASPX

August 31, 2015

Heather J. Barbieri
Attorney at Law
5600 Tennyson Pkwy Ste 205
Plano, TX 75024-3605
* DELIVERED VIA E-MAIL *

Greg Willis
Collin County District Attorney
2100 Bloomdale Rd., Ste. 20004
McKinney, TX 75071-8313
* DELIVERED VIA E-MAIL *

RE:   Court of Appeals Number:   05-14-00127-CR
      Trial Court Case Number:    296-80895-2013

Style:  Clarence Dannel Dunnington
        v.
        The State of Texas

Please find attached the opinion that issued in the above cause today.

Respectfully,

/s/ Lisa Matz, Clerk of the Court

cc:   The Honorable Mary L. Murphy (DELIVERED VIA E-MAIL)
      Andrea Stroh Thompson (DELIVERED VIA E-MAIL)
      The Honorable John Roach Jr. (DELIVERED VIA E-MAIL)
      Libby Joy Lange (DELIVERED VIA E-MAIL)



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00127-CR

### CLARENCE DANNEL DUNNINGTON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court
Collin County, Texas
Trial Court Cause No. 296-80895-2013

# MEMORANDUM OPINION

Before Chief Justice Wright, Justice Brown, and Justice Stoddart
Opinion by Justice Brown

A jury convicted Clarence Dannel Dunnington of capital murder. The State's theory of guilt was that appellant, acting as a party, participated in the victim's murder in retaliation for her providing information to police that resulted in appellant's arrest. In a single issue, appellant asserts the evidence is legally insufficient to support his conviction. For the following reasons, we affirm.

On December 14, 2011, Jessica Velasquez was shot and killed on a residential street in an old and close-knit neighborhood in Plano, Texas, known as the "Douglas Community." Velasquez was twenty-three years' old at the time of her death. She suffered from bi-polar disorder, had drug problems, and sometimes engaged in prostitution for drugs and money. Appellant was one of the dealers who supplied her. He lived in Wylie, Texas, but had close ties to the Douglas Community, where his grandmother lived, and he was known as "Rabbit."

On December 10, 2011, a few days before she was murdered, Velasquez and her boyfriend Paul Lankfort rented a motel room at a Motel 6. Appellant had also rented a room at the motel and supplied Velasquez drugs throughout the night. The following morning, Detective Jake Wicker was conducting surveillance of the motel. He observed Velasquez exit her motel room, knock on appellant's door a few rooms down, and enter. She emerged about an hour later and returned to the room she shared with Lankfort. Wicker knocked on Velasquez's door and asked her why she had gone to appellant's room. She appeared "high," but denied doing any drugs. But she also told Wicker she had seen drugs in appellant's room. Wicker then knocked on appellant's door, told appellant he had information there were drugs in his room and questioned him about the woman who had just left. Wicker also asked for consent to search. Appellant consented to the search, and police found crack cocaine, a pistol, a ski-mask, two cell phones and $410 in cash. Appellant was arrested and booked into jail.

Two days later, and one day before the murder, appellant was released from jail. He went to the home of Mary Walker who lived in the Douglas Community. Walker testified at trial that appellant was "pissed off," cursed Velasquez, complained that "bitch" got him "arrested," and said when he saw her he was "going to run over her, back up, and run over her again."

The next day, Velasquez got into a car with Octavio Reyna-Rivera, a man she did not know. Reyna-Rivera testified at trial that he agreed to help Velasquez find drugs. Velasquez directed him to Walker's house. Walker was angry with Velasquez for snitching on appellant, but she and her boyfriend Marcus Hernandez agreed to make some calls and find drugs for Velasquez. They used Reyna-Rivera's phone to do so. Phone records show one of the numbers called was to a Nokia phone. The State presented comprehensive evidence showing appellant used that phone to conduct his drug business. For example, evidence showed this was the phone

number Velasquez used to contact appellant during the Motel 6 incident, and it was also the phone number Hernandez told police he used to contact appellant.[1]

Although they called appellant's cell phone, they also called another drug dealer who agreed to bring Velasquez drugs. After the drugs arrived, Velasquez and Reyna-Rivera went to a parking lot where Velasquez smoked the crack. When she was done, she wanted more. In an effort to find more cocaine, she began making calls on Reyna-Rivera's phone. Reyna-Rivera testified Velasquez was not dialing, but just hitting redial, and he could hear only one side of the conversation. Reyna-Rivera's cell phone records show Velasquez was also receiving incoming calls. The phone records show one of those incoming calls came from the Nokia phone appellant used to conduct his drug business, a number Velasquez had not dialed. After speaking on the phone, Velasquez told Reyna-Rivera that she had found someone who would give her drugs for free. Reyna-Rivera took Velasquez to meet this man. He was the last person Velasquez spoke to on Reyna-Rivera's phone.

When they found him, Velasquez did not appear to know the man. Nevertheless, he got into Reyna-Rivera's car. The man told them he did not have the drugs with him, but directed them to where they could get them. When they arrived at the location to get the drugs, the man got out of the car and immediately shot Velasquez several times at close range.

Reyna-Rivera fled into a nearby home. The gunman followed, shooting at Reyna-Rivera and also at the homeowner. After the gunman fled the scene, Reyna-Rivera returned to Velasquez, who was dead. His cell phone was gone.

---

[1] After Velasquez used the Nokia phone number to contact appellant during the night of the Motel 6 incident, he was arrested with two phones, one a Nokia phone, the other his personal LG phone. When he was jailed, he asked his girlfriend, Jessica Cook, to pick up the Nokia phone and deliver it to a known drug dealer. Upon his release, appellant immediately called the Nokia phone from his personal cell phone. Cell tracking information showed the two phones soon thereafter started "traveling together."

Witnesses saw two cars flee the scene after the shooting. One fit the description of Reyna-Rivera's vehicle and the other was a light-colored vehicle with a square back which fit the description of appellant's Ford Fusion.

Almost immediately after the shooting, Velasquez's boyfriend Lankfort received a call from "Shay," another local drug dealer who knew Velasquez. Shay told Lankford Velasquez had been killed for being a snitch. Shay also told Lankford where he could find Velasquez's body. Lankfort then went to the scene, where he told police about Shay's call.

Police discovered that Velasquez, just three days prior, had given police information that led to appellant's arrest. Police had also received anonymous phone tips that "Rabbit" and "Cagan" had been involved in a murder.

The State also provided evidence, through phone records, that showed appellant was in possession of the Nokia phone used by the gunman shortly before the murder. Specifically, about an hour before the murder, texts were exchanged between the Nokia phone and Susan Mounsey, a woman with whom appellant had a sexual relationship, but was otherwise without ties to appellant's associates or the Douglas Community.

The State also presented "cell phone tracking" evidence, specifically evidence from which the location of a cell phone could be determined. That evidence showed that both the phone the gunman used and appellant's personal cell phone were in the vicinity of the murder when it occurred and that both phones then "traveled" to Wylie, Texas, immediately after the murder. The State further showed the Nokia phone was later found in a search of appellant's residence after his arrest for this offense.

After hearing the evidence, the jury was instructed in accordance with the law of parties, and found appellant guilty of capital murder. In his sole issue, appellant contends the evidence is legally insufficient to show he was guilty as a party to Velasquez's murder.

–4–

When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Temple*, 390 S.W.3d at 360. The jury may draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319.

When analyzing the sufficiency of the evidence, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). A jury may draw multiple reasonable inferences as long as each inference is supported by the evidence (direct or circumstantial) presented at trial. *Hooper v. State*, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007).

As applicable to this case, a person commits capital murder if he intentionally or knowingly causes the death of an individual and intentionally commits the murder in the course of committing or attempting to commit retaliation. TEX. PEN. CODE ANN. §§ 19.02(b)(1), 19.03(a)(2) (West 2011). A person commits retaliation if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for a person providing information to police about an offense. *See* TEX. PEN. CODE ANN. § 36.06(a)(1) (West 2011); *see also Morrow v. State*, 862 S.W.2d 612, 614-15 (Tex. Crim. App. 1993).

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2); *see Patterson v. State*, 950 S.W.2d 196, 202 (Tex. App.—Dallas 1997, pet. ref'd). In reviewing the

sufficiency of evidence under the law of parties, we consider "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative effect of all the incriminating facts are sufficient to support the conviction. *Id.* Circumstantial evidence alone may be used to prove that a person is a party to an offense. *Powell v. State*, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006); *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987); *Wygal v. State*, 555 S.W.2d 465 (Tex. Crim. App. 1977).

According to appellant, the State failed to prove his guilt because it did not present evidence showing "what actions" he took that amounted to "soliciting, encouraging, directing, aiding or attempting to aid the unknown gunman." But the State is not required to present evidence of the specific acts or statements that constitute participation in an offense. *See, e.g., Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); *Nelson v. State*, 405 S.W.3d 113, 125-126 (Tex. App.—Houston 2013, pet. ref'd). Instead, the question is whether the jury could reasonably find, beyond a reasonable doubt, based on the collective force of all of the evidence presented, whether appellant was a participant in Velasquez's murder and knew he was assisting in the offense. *Guevara*, 152 S.W.3d at 50. We conclude the State presented sufficient evidence to allow the jury to reasonably make this finding.

Velasquez, who was generally known to be a sweet, but troubled young woman, was murdered just days after she gave police information that led to appellant's arrest. Motive is a significant circumstance indicating guilt. *Guevara*, 152 S.W.3d at 50. Moreover, the day before she was killed, appellant had made threats to harm Velasquez, blaming her for his arrest. On the

day she was killed, the gunman, using appellant's phone, lured Velasquez with promises of free drugs and then gunned her down.

Cell phone tracking information showed both the Nokia phone used by the gunman and appellant's personal cell phone were in the area where the murder occurred. The cell phone tracking information also showed that immediately after the murder, the cell phones traveled to Wylie, where appellant resided. Further, a car matching the description of appellant's was seen fleeing the scene. Finally, the phone used by the gunman was later found in a search of appellant's bedroom.

Additionally, when appellant heard he was a suspect in this offense, he contacted police in an effort to exonerate himself. He told them he was in Wylie, Texas, with his girlfriend Jessica Cook at the time of the murder. However, cell phone data from his personal phone, an LG phone appellant told police was always with him, showed appellant was not in Wylie at that time. Cell phone evidence also showed appellant was calling and texting Cook from his personal cell phone in this same time period when he claimed to be with Cook. Cook testified at trial, and attempted to provide appellant with an alibi, but she acknowledged that they would not have needed to text or talk on the phone if she and appellant had been together. Attempts to conceal incriminating evidence and giving false statements to authorities are also probative of wrongful conduct and circumstances of guilt. *Id.*



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLARENCE DANNEL DUNNINGTON,
Appellant

No. 05-14-00127-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 296-80895-2013.
Opinion delivered by Justice Brown. Chief
Justice Wright and Justice Stoddart
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of August, 2015.

Clarence Dunnington #1909127
Robertson Unit
1207 FM 3522
Abilene, Tx 7960l

(Legal Mail)

NOV 25
2015

Court of Criminal Appeal
P.O. Box 12308
Austin, Tx. 78711

NOV 25
2015

