**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00117-CR**
**NO. 09-23-00118-CR**

_____

**EANDRE JUWON MOTT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. F21-38241 and F21-38242**

_____

**MEMORANDUM OPINION**

Appellant Eandre Juwon Mott[1] was indicted for sexual assault of a child,

"McKensie," and continuous sexual abuse of a young child, "Debbie."[2] Tex. Penal

---

[1] The record reflects that Eandre Juwon Mott is also known as Eandre Juwon Mott Sr.

[2] We refer to the victims, their relatives, and the civilian witnesses by pseudonyms to conceal their identities. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process[.]"). *See Smith v. State*, No. 09-

1

Code Ann. §§ 22.011, 21.02. He was convicted of both offenses, and sentenced to 20 years and life, respectively, in the Institutional Division of the Texas Department of Criminal Justice.

On appeal, Mott contends that his conviction in Trial Court Cause Number 21-38242 should be reversed because he was denied his constitutional right to confront his accuser due to the State's failure to produce Debbie to testify at trial. He doesn't assign any error to the trial court's rulings in Trial Court Cause Number F21-38241. We find no error in the trial court's rulings, and consequently affirm its judgments.

## I. Background

The Beaumont Police Department received an anonymous report that an adult man, Mott, was living with one or more underage girls. Upon investigating this report, the police discovered that Mott had been engaged in sexual relationships with Debbie and McKensie; Debbie was under 14 years old, and McKensie was 16 at the time she became pregnant with Mott's baby. Mott was in his twenties.

Mott represented himself at trial. Mott never denied having had sexual relationships with Debbie and McKensie. Instead, his position at trial was that he

---

17-00081-CR, 2018 Tex. App. LEXIS 1874, at *1 n.1 (Tex. App.—Beaumont Mar. 14, 2018, no pet.) (mem. op., not designated for publication).

2

was not guilty of the offenses charged because both girls had lied about their ages.[3]

He does not argue this point on appeal, but rather contends that because Debbie did not testify at trial, and because the trial court did not permit him to introduce the videotape of Debbie's forensic interview, he was denied his right to confront and cross-examine the witnesses against him.[4]

Because McKensie did testify at trial, and Mott had the opportunity to confront and cross-examine her, Mott's sole appellate argument does not apply to his conviction for sexual assault of a child. We therefore confine our review to Mott's argument as it pertains to Debbie and summarize below only that evidence relevant to Mott's conviction for continuous sexual abuse of a young child.

**A. Officers Rodriguez and Fenner's Testimony**

Officers Brandon Rodriguez and Jonathan Fenner, of the Beaumont Police Department, testified that they were among the officers to respond to Mott's house

---

[3] The record does show that Debbie lied about her age. However, even if the evidence conclusively showed that Debbie and McKensie lied about their ages, and that Mott had no way of determining their correct ages, his conviction would stand, because such a mistake is not a defense to these charges. *See* Tex. Penal Code Ann. §§ 21.02(b)(2)(A), 22.011(a)(2)(A); *see also Fleming v. State*, 455 S.W.3d 577, 582-83 (Tex. Crim. App. 2014) (negating a mistake-of-age defense).

[4] At trial, Mott stated that he was being denied "my Sixth Amendment right to confront my witness and my victim." A criminal defendant does not necessarily have the right to confront his victim (e.g., when a victim has been murdered and is not available for trial). A criminal defendant has the right to confront "the witnesses against him." U.S. CONST. amend VI; *See Morrow v. State*, 862 S.W.2d 612, 614 (Tex. Crim. App. 1993) (citation omitted).

after the police received the anonymous report regarding underage girls. When the officers arrived at Mott's residence, they knocked, and Mott answered the door and identified himself by name and birth date. Mott was then 28 years old. The officers also noted that there were two girls at the house; one of these girls, later identified as Debbie, looked very young, but stated that she was 20 years old. Because of the nature of the situation, detectives were called to the scene.

**B. Detectives Landor and Duchamp's Testimony**

Detective Charles Duchamp, also of the Beaumont Police Department, testified, describing his training and experience in the field of law enforcement. As of the trial date, he had been assigned to the special crimes unit for several years; this unit investigates crimes against children and sex offenses. Duchamp also referenced his training in using Cellebrite, a computer program that downloads and analyzes cell phone data.

In July 2021, Duchamp and his partner, Detective Staci Landor, were called to Mott's home after an anonymous caller reported that an adult man was living there with underage girls. Their investigation revealed that Debbie appeared to be living at that address with Mott. Debbie was 13 years old at that time.

Debbie and her mother were taken to a local hospital, so that Debbie could obtain any necessary medical care, and so that she could receive a forensic examination performed by a trained sexual-assault nurse examiner (SANE). During

4

her examination, Debbie stated that she and Mott had been engaging in sexual intercourse, and that she had videos of their sexual activity on her phone. The police therefore secured Debbie's phone and obtained her mother's permission to search and download its contents. As expected, the phone contained sexually explicit videos of Debbie and Mott. This evidence was admitted with no objection and was played for the jury. The videos displayed the activities alleged in the indictment.

Duchamp obtained a search warrant for Mott's DNA, and the DPS crime laboratory matched it to a sample taken during Debbie's forensic examination. He also confirmed that Debbie underwent a forensic interview at the Garth House. When Mott requested to show the jury the videotape of Debbie's forensic interview, the State objected that Mott had not laid the correct predicate for showing the tape; the trial court sustained the objection.

Detective Staci Landor also went to Mott's house and spoke to Debbie on the date in question. Landor generally confirmed Duchamp's testimony.

### C. Tanya Gregory's Testimony

Ms. Gregory, Debbie's mother, testified that Debbie was 12 years old in November 2020, and turned 13 the following summer. According to Gregory, Debbie explained her visits to Mott's house by claiming that she was babysitting his children. Until July 2021, when officers investigated the anonymous complaint, Gregory was unaware that Debbie had been living with Mott.

### D. Niya Knighton's Testimony

Niya Knighton, the sexual assault nurse examiner who examined Debbie, testified, describing her education and training in the field of forensic nursing. Knighton described the procedures involved in a forensic examination, noting that it may include collecting DNA evidence.

During Debbie's examination, Debbie named Mott as the person with whom she had had sexual relations, so Knighton collected evidence and made a report of her findings. Debbie also told Knighton that her cell phone contained videos of sexual encounters with Mott. Mott did not object to either Knighton's testimony or her report.

### E. Michelle Turner's Testimony

Turner, a forensic scientist with the Texas Department of Public Safety Crime Laboratory, described her educational and professional qualifications. She also described her usual job duties, as well as the procedures involved in screening sexual assault evidence for further analysis.

### F. Berenger Chan's Testimony

Chan, like Turner, is a forensic scientist at the DPS Crime Laboratory, where his responsibilities include analyzing samples to interpret DNA profiles. After describing DNA and its use in criminal investigations, Chan explained how DNA is analyzed.

In this case, Chan received a DNA sample collected from Mott for comparison with swabs taken from Debbie during her sexual assault examination. According to Chan, it was 997 septillion times more likely that the DNA profile obtained from Debbie's vaginal and cervical swabs came from Mott than from an unknown, unrelated individual.

## II. Standard of Review

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. U.S. CONST. amend VI.

A Confrontation Clause violation, when it occurs, is constitutional error subject to a harm analysis under Rule 44.2(a) of the Texas Rules of Appellate Procedure. *See Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010); Tex. R. App. P. 44.2(a).

## III. Analysis

Mott argued that he should have been provided the opportunity to confront and cross-examine Debbie at trial, or, in the alternative, that he should have been allowed to show the jury the videotape of Debbie's forensic interview. Because the trial court denied Mott both of these requests, he contends that the trial court violated the Confrontation Clause of the Sixth Amendment. U.S. CONST. amend. VI.

7

The Sixth Amendment to the United States Constitution, as incorporated to the states through the Fourteenth Amendment, guarantees a criminal defendant the right "to be confronted with the witnesses against him[.]" U.S. CONST. amends VI, XIV, § 1; *Pointer v. Texas,* 380 U.S. 400, 406 (1965) (holding that the confrontation clause applies to prosecutions in state courts). "Witness" is defined *not* as the victim of a crime, but as "'one who has testified in an official proceeding.'" *Morrow v. State*, 862 S.W.2d 612, 614 (Tex. Crim. App. 1993) (citation omitted). Because Debbie did not testify at trial, she was not a witness, as the Court of Criminal Appeals has defined that term. *Id.* In addition, Mott did not attempt to make her a witness by issuing a subpoena to require her appearance at trial. *See* Tex. Code Crim. Proc. Ann. art. 24.01(a); *see also Kinnett v. State*, 623 S.W.3d 876, 891-94 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (regarding the right to subpoena a witness). Mott, therefore, had no right to confront or cross-examine her during his trial and no Confrontation Clause violation occurred.

As for Mott's request to introduce the videotape of Debbie's forensic interview, Mott failed to make an offer of proof, and therefore has failed to preserve error. Tex. R. Evid. 103(a)(2); *see Mays v. State,* 285 S.W.3d 884, 891 (Tex. Crim. App. 2009) (affirming a capital murder conviction noting the absence of an offer of proof does not preserve the alleged error for appellate review). Without knowing what that videotape would have shown, and how its content would have benefitted

8

Mott's defense, we cannot conclude that the trial court erred in denying Mott's request to play the tape, particularly since he failed to follow the rules of evidence to demonstrate that the tape was admissible. *See Fletcher v. State*, 474 S.W.3d 389, 396 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (holding a pro se criminal defendant to the same standard as a licensed attorney).

In addition to the above, Mott has failed to demonstrate that the trial court's alleged error harmed him. Tex. R. App. P. 44.2(a). The record contains overwhelming evidence of Mott's guilt, in that it proves beyond a reasonable doubt that Mott engaged in multiple acts of sexual abuse of Debbie, that she was under 14 years old at the time, that he was then at least 17 years old, and that these acts took place over a period over 30 days in duration. Tex. Penal Code Ann. § 21.02(b). Even if Debbie had testified and admitted that she lied about her age, this hypothetical evidence would have added nothing to Mott's defense because, as noted above, there is no mistake-of-age defense in this type of case. *See Fleming v. State,* 455 S.W.3d 577, 582-83 (Tex. Crim. App. 2014) (negating mistake-of-age defense).

We overrule Mott's sole appellate argument.

### IV. Conclusion

Finding that Mott was not denied his constitutional right to confront or cross-examine the witness, we affirm the trial court's judgments.

9

AFFIRMED.

JAY WRIGHT
Justice

Submitted on December  22, 2023
Opinion Delivered January 31, 2024
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.